

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2005

# Harmon v. Secretary State DE

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2801

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Harmon v. Secretary State DE" (2005). *2005 Decisions.* Paper 253.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2801
_____

CHRISTIAN HARMON,

Appellant

v.

STATE OF DELAWARE SECRETARY OF STATE; HENLEY GRAVES, Judge,
Individually and in his capacity as Judge in the Superior Court of the State of Delaware,
Sussex County; MICHAEL FARNAN, Individually and in his capacity as an Attorney at
Law; MERRITT BURKE III, Asst Public Defender, Individually and in his capacity as a
Public Defender for the State of Delaware, Sussex County; ATTORNEY GENERAL OF
THE STATE OF DELAWARE

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00759)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit LAR 34.1(a)
December 21, 2004

Before: ALITO, SMITH and ROSENN, <u>Circuit</u> <u>Judges</u>

(Filed: November 8, 2005)

_____

OPINION

_____

PER CURIAM

In 1999, Christian Harmon was arrested in Delaware on drug-related charges. During his criminal proceedings, Harmon was apparently represented by several attorneys, including Michael Farnan and Sussex County Public Defender Merritt Burke III. On June 15, 1999, Harmon pled guilty to possession with intent to deliver marijuana before Superior Court Judge Henley Graves, and entered the Delaware Superior Court Drug Diversion Program.[1]

In July 2003, Harmon filed the underlying complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Delaware regarding his 1999 criminal proceedings. In his complaint, Harmon alleged that Farnan violated his rights to due process, equal protection, and the effective assistance of counsel by engaging in the unauthorized practice of law.[2] Harmon also alleged that Burke violated his right to the effective assistance of counsel by failing to question witnesses or provide their statements to the prosecution. Finally, Harmon alleged that Judge Graves violated his rights to due process and equal protection by allowing Farnan to engage in the unauthorized practice of law. Harmon sought compensatory and punitive damages, as well as a declaratory judgment that his 1999 conviction is invalid. On May 21, 2004, the District Court sua

---

[1] It is not clear from the record how long Harmon was to participate in the diversion program, or whether he successfully completed it.

[2] Harmon seems to allege that Farnan is an attorney, but that he has not been properly admitted to the Delaware bar.

2

<u>sponte</u> dismissed Harmon's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  This timely appeal followed.

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law.[3]  See <u>Daniels v. Williams</u>, 474 U.S. 327, 330 (1986).  It is well-established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law.  See <u>Polk County v. Dodson</u>, 454 U.S. 312, 318 (1991).  Accordingly, because Farnan and Burke were not "state actors," the District Court properly dismissed Harmon's § 1983 damages claims against them.

Likewise, it is a well-established principle that a judge is absolutely immune from suit for damages under § 1983 when he acts in a judicial capacity.  "A judge will not be

_____

[3]  In an argument made for the first time on appeal, Harmon contends that the defendants conspired to deprive him of his constitutional rights.  Because this issue was not raised before the District Court, it has been waived and we decline to address it on the merits.  We do note, however, that if this issue were properly before us, it would fail.  Allegations of conspiracy may form the basis of a § 1983 claim.  "However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants.  'Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'"  <u>Tonkovich v. Kansas Bd. Of Regents</u>, 159 F.3d 504, 533 (10th Cir.1998) (quoting <u>Hunt v. Bennett</u>, 17 F.3d 1263, 1266 (10th Cir. 1994)).  Thus, to state a conspiracy-based § 1983 claim, a plaintiff must allege the specific conduct violating his or her rights, the time and place of that conduct, and the identity of the responsible officials.  See <u>Oatess v. Sobolevitch</u>, 914 F.2d 428, 431 n. 8 (3d Cir. 1990).  Harmon has failed to allege such facts, or any facts for that matter, to substantiate an allegation of conspiracy.

deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). Here, Harmon's complaint consists entirely of allegations regarding the actions taken by Judge Graves in his judicial capacity while presiding over Harmon's 1999 criminal proceedings. Harmon makes no allegations that would support a determination that Judge Graves acted in the complete absence of all jurisdiction. Accordingly, the District Court properly dismissed Harmon's damages claim against Judge Graves.

Finally, we agree with the District Court's determination that, to the extent Harmon seeks to challenge the fact or duration of his conviction or sentence, his sole remedy is a federal petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). See also Heck v. Humphrey, 512 U.S. 477, 487 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Accordingly, for the foregoing reasons we will affirm the District Court's May 21, 2004 order dismissing Harmon's complaint. The motion by Harmon to strike the appellees' supplemental appendix is denied.