

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2008

# Courteau v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2948

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Courteau v. USA" (2008). *2008 Decisions.* Paper 791.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/791

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2948

———————

PAUL A. COURTEAU,
                                                          Appellant

v.

UNITED STATES OF AMERICA

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 02-cv-00659)
District Judge:  The Honorable Joseph E. Irenas

———————

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2008

———————

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Filed: July 25, 2008 )

———————

OPINION

———————


BARRY, Circuit Judge

        Paul Courteau appeals the District Court's grant of summary judgment in favor of

the United States of America.  We will affirm.

## I.

In 1981, a Rhode Island jury convicted Courteau of a robbery involving a United States mail truck. He was sentenced to 15 years' imprisonment and, after multiple grants and revocations of parole, was released from prison in 1994. In 1998, another individual confessed to the robbery and informed the State of Rhode Island that Courteau was not involved. The State vacated Courteau's 1981 robbery conviction in 1999.

On January 15, 2002, Courteau, who was at the time serving a sentence at F.C.I. Fairton on an unrelated conviction, filed a *pro se* complaint (the "First Complaint") against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, seeking damages for the alleged torts committed by a United States Postal Inspector, Raoul Vargas, during the investigation that led to the vacated 1981 robbery conviction.[1] The District Court screened the First Complaint pursuant to the screening

---

[1] The complaint alleged that

> Vargas falsified a report that pointed to [Courteau] as one of the perpetrators of the robbery when in fact, Mr. Vargas had no such information. . . . The testimony and reports generated by [Vargas] caused the wrongful conviction of [Courteau] for the aforesaid robbery. . . . Due to [Courteau's] wrongful conviction, he was forced to spend approximately thirteen years in prison, which amounted to unlawful confinement.

(App. at A115.) Courteau claimed that, through Vargas, the United States had committed the following torts: assault, battery, false arrest, false imprisonment, wrongful persecution, intentional infliction of emotional distress, negligent infliction of emotional distress, malicious prosecution, abuse of process, defamation of character (libel and/or slander), and false reports to authorities. (Id. at A116.)

mechanism for *pro se* prisoner complaints found in 28 U.S.C. § 1915A,[2] and *sua sponte* dismissed it for failure to state a claim upon which relief may be granted. In its January 31, 2002 opinion, the Court explained that (1) the United States was immune under the doctrine of sovereign immunity as to the intentional torts asserted against it because Vargas was not a law enforcement officer and (2) Courteau had not adequately pled the remaining claims.

Courteau promptly retained an attorney and filed a second complaint (the "Second Complaint") against the United States on February 14, 2002. The Second Complaint was nearly identical to the First Complaint; the only noteworthy difference was that it identified Vargas as "an investigative or law enforcement officer within the meaning of 28 U.S.C. [§] 2680(h)." (App. at A24.) Significantly, because Courteau was now represented by counsel, the Second Complaint was served on the United States without first being screened by the District Court under § 1915A. The United States asserted 14 affirmative defenses in its answer, but res judicata was not among them.

Following limited discovery, the United States moved for summary judgment on the ground that the Second Complaint was barred by res judicata, more popularly known today as "claim preclusion." The District Court granted the motion and entered judgment

---

[2] The statute requires district courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

in favor of the United States, finding that Courteau was not prejudiced by the United States' failure to raise the defense of res judicata in its answer and concluding that the January 31, 2002 dismissal constituted a final judgment on the merits such that the Second Complaint was barred. This timely appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1346(b). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review a district court's decision to permit a party to assert a previously unpled affirmative defense by way of a motion for summary judgment for abuse of discretion. *Kleinknecht v. Gettysburg College*, 989 F.2d 1360, 1374 (3d Cir. 1993). A district court's application of the doctrine of res judicata is a question of law over which we exercise plenary review. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248 (3d Cir. 2006).

## III.

Courteau argues that the District Court abused its discretion when it permitted the United States to move for summary judgment on the ground of res judicata even though the defense was not pled in its answer. Alternatively, Courteau argues that, assuming *arguendo* the District Court properly considered the res judicata argument, the District Court erred in granting summary judgment in favor of the United States on that ground.

Although "[p]arties are generally required to assert affirmative defenses early in

4

litigation, so they may be ruled on, prejudice may be avoided, and judicial resources may be conserved," *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), a district court may permit a defendant to raise an unpled defense by way of a post-answer motion so long as it is raised "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991) (brackets in original) (quoting *Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986)). *See also Chainey v. Street*, 523 F.3d 200, 210 n.5 (3d Cir. 2008) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and an opportunity to demonstrate why the affirmative defense should not succeed."); *Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 506 (3d Cir. 2006) (stating that "affirmative defenses can be raised by motion, at any time (even after trial), if plaintiffs suffer no prejudice").

The District Court concluded, and we agree, that Courteau was not prejudiced by the United States' failure to raise the defense of res judicata in its answer. Indeed, Courteau did not allege prejudice in his brief opposing the motion for summary judgment and does not allege prejudice in his brief on appeal. Moreover, it does not appear that the United States' failure to include the defense in its answer was due to anything other than the fact that it was not aware of the First Complaint when it filed its answer to the Second

Complaint.[3]  Under the circumstances presented, the District Court did not abuse its discretion in permitting the United States to raise the affirmative defense of res judicata in a post-answer motion for summary judgment.

Having determined that the issue of res judicata was properly before the District Court, we turn to the res judicata effect, if any, that dismissal of the First Complaint had on the filing of the Second Complaint.  For res judicata to apply, "a defendant must demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991).

It is well settled that a "[d]ismissal for failure to state a claim is a final judgment on the merits for res judicata purposes."  *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007) (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (discussing the effect of a dismissal pursuant to Fed. R. Civ. P. 12(b)(6)).  Courteau makes much of the fact that the District Court dismissed the First Complaint pursuant to 28 U.S.C. § 1915A as opposed to Fed. R. Civ. P. 12(b)(6), but this is a distinction without a difference: the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6)

---

[3] As noted above, the District Court *sua sponte* dismissed the First Complaint for failure to state a claim pursuant to the screening mechanism of § 1915A.  There is nothing on the docket to suggest that the United States was ever served with this complaint prior to, or following, its dismissal.

motions. *See, e.g., Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

The second and third prongs are also easily satisfied. Courteau and the United States are the only two named parties in both complaints and the Second Complaint is practically a verbatim recital of the First Complaint. Although the Second Complaint specifically identifies Vargas as "an investigative or law enforcement officer within the meaning of 28 U.S.C. [§] 2680(h)," we agree with the District Court that a party "does not get another bite at the apple simply by citing to an additional statute in the [Second] Complaint." (App. at A10.) If Courteau disagreed with the Court's disposition of the First Complaint, he should have moved for reconsideration or filed an appeal rather than file a second action.

**IV.**

For the foregoing reasons, we will affirm the order of the District Court.