Reginald **WILKERSON**, Plaintiff,

v.

Public Defender Lawrence **SULLIVAN** and Andrew **Witherell**, Defendants.

Civ. No. 08–607–SLR.

United States District Court, D. Delaware.

Jan. 15, 2009.

Reginald Wilkerson, Wilmington, DE, pro se.

## MEMORANDUM ORDER

SUE L. ROBINSON, District Judge.

At Wilmington this 15th day of January, 2009, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Reginald Wilkerson ("plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court

may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ 3. The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States,* 287 Fed.Appx. 159, 162 (3d Cir.2008); *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.1999)(applying Fed.R.Civ.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Fed.R.Civ.P. 8. A complaint does not need detailed factual allegations, however, "a plaintiffs obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly,* 127 S.Ct. at 1965 n. 3). Therefore, " 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly,* 127 S.Ct. at 1965 n. 3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 127 S.Ct. at 2200 (citations omitted).

5. **Discussion.** Plaintiff filed this action against Public Defender Lawrence Sullivan ("Sullivan") and private attorney Andrew Witherell ("Witherell"). Plaintiff is represented by Witherell in a criminal matter. Plaintiff makes numerous complaints and alleges, generally, that Witherell is not providing effective assistance of counsel. (D.I. 2) There are no allegations directed towards Sullivan.

■ 6. **State Actor.** When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Moore v.*

*Tartler*, 986 F.2d 682, 685 (3d Cir.1993). Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Harmon v. Delaware Secretary of State*, 154 Fed.Appx. 283, 284–85 (3d Cir.2005). Nor is a private attorney considered a state actor. To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49, 108 S.Ct. 2250. Because defendants are not considered state actors, plaintiffs claim fails under § 1983.

7. **Conclusion.** Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir.2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir.2002); *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir.1976).