Jamal BENNETT, Appellant

v.

Jeffrey BEARD, Sharon Burks, James L. Grace, Deputy Warden Melvin Lookett, Deputy Warden A.S. Williamson, Intell. Capt. John Fisher, Grievience Coordinator Dianne Baney, Lt. Karen Walters, C.O. Lt. Wilt, C.O. Sgt. House, C.O. and C.O. Correctional Officer Frymayer.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 15, 2006.

Decided March 16, 2007.

Jamal Bennett, appellant, pro se.

Debra Sue Rand, Asst. Counsel and Barbara Adams, General Counsel, Camp Hill, for appellees.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Jamal Bennett, an incarcerated individual, appeals, *pro se*, an order of the Court of Common Pleas of Huntingdon County (trial court) that denied his request to proceed *in forma pauperis* for the stated reason that Bennett's complaint was illegible. For the reasons that follow, we affirm.

Bennett, an inmate at the State Correctional Institution in Greene County (SCI–

Greene), filed a complaint in the trial court against the Secretary and numerous employees of the Department of Corrections (Department) and, simultaneously, a petition for leave to proceed *in forma pauperis.* Initially, when Bennett's paperwork was submitted, the trial court directed the prothonotary to advise Bennett in writing that the trial court would need an original and twelve legible copies of the complaint. Bennett responded with an original and twelve copies; however, the trial court determined that the complaint was not legible. Accordingly, the trial court issued an order stating that "the request of Jamal Bennett for leave to file this civil action *in forma pauperis* is denied." Order, February 2, 2006. The instant appeal followed.

■ On appeal, Bennett argues that the court abused its discretion in denying his request for leave to file his civil action *in forma pauperis.*[1] Notably, the argument section of Bennett's brief is typed, albeit stapled upside down in relation to the remainder of his brief, which is handwritten. He asserts that the Rules of Civil Procedure, specifically "Rule 109 and 124," support a reversal. Rule 109, according to Bennett, forbids the dismissal of a complaint for the reason that it contains a defect in form or content.[2] Bennett also explains that Rule 124 requires the text of a complaint to begin three inches from the top of the paper (to allow court stamping), have one inch margins on all sides and be double-spaced.[3] Finally, he argues that as a *pro se* litigant, he was entitled to have his complaint liberally construed.

For its part, the Department contends that the *in forma pauperis* petition was properly denied. It argues that implicit in the trial court's denial of the *in forma pauperis* petition was the trial court's dismissal of Bennett's complaint as frivolous. A frivolous complaint is one lacking "an arguable basis in either law or fact." PA. R.C.P. 240(j), Note. If a complaint is illegible, the Department contends, it must be presumed frivolous.

■ We begin with a description of Bennett's complaint. It was handwritten and single-spaced. The lettering is highly stylized, and the lack of any space between the letters and between each line makes it difficult to read. The complaint is not, as Bennett contends, double-spaced. To compound the problem, Bennett's complaint uses paper from many sources. Some of the paper is pink; some is lined, notebook paper; and some is recycled from other

---

1. Our scope of review of a trial court's denial of an *in forma pauperis* application is limited to determining whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Thomas v. Holtz,* 707 A.2d 569, 570 n. 2 (Pa.Cmwlth.1998).

2. Bennett is actually referring to Pennsylvania Rule of *Criminal* Procedure 109, which states, *inter alia,* that a "defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant." PA. R.CRIM P. 109. Clearly this rule has no application here since the "complaint" to which it refers is one filed against a defendant in a criminal matter, not a civil complaint governed by the rules of civil procedure.

3. Bennett cites the requirements contained in Pennsylvania Rule of Appellate Procedure 124 for "[a]ll documents filed in an appellate court." PA. R.A.P. 124. This rule is not applicable to a civil complaint filed in a court of common pleas. Assuming, *arguendo,* that Rule 124 did apply to Bennett's complaint, he failed to comply with the rule by submitting a single-spaced document on non-white paper. PA. R.A.P. 124(1), (3). Notably, Rule 124 also expressly requires that the lettering in a document "shall be clear and legible" and "on only one side of a page." PA. R.A.P. 124(4).

printed documents. On the latter type of paper, Bennett did his writing on the back, and the printing on the front shows through. In any case, writing appears on both sides of the page. Sometimes the complaint is broken into numbered paragraphs, and sometimes not. Assuming that the finding of illegibility is a factual determination, substantial evidence supports the trial court's determination.

The next question is whether an illegible complaint is, as a matter of law, frivolous. The Department argues that if a complaint cannot be read, then it must be presumed that it lacks any basis in law or fact and, thus, is frivolous. However, PA. R.C.P. No. 240(j) requires the court to be "satisfied that the action, proceeding or appeal is frivolous" before dismissing it. One may ask, then, how a court can reach this point of satisfaction if the complaint cannot be read.

■ The Pennsylvania Rules of Civil Procedure mandate that "[t]he material facts on which a cause of action or defense is based *shall be stated* in a concise and summary form." PA. R.C.P. No. 1019(a) (emphasis added). If a complaint cannot be read, it does not *state* a cause at all, let alone in a concise and summary form. The purpose of this rule is to require the plaintiff to disclose the material facts sufficient to enable the adverse party to prepare the case. *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225, 282 A.2d 335, 339 (1971). The complaint's lack of consistent numbering alone makes it impossible to be a "concise" document.[4]

A complaint does not state a valid cause of action if it cannot be read. "An action is frivolous under [PA. R.C.P. No. 240(j)] if, on its face, it does not set forth a valid cause of action" *McGriff v. Vidovich,* 699 A.2d 797, 799 (Pa.Cmwlth.1997). An illegible complaint denies the defendant notice of the material facts, which it needs to prepare a defense. In sum, we conclude that the trial court's implicit dismissal of the complaint as frivolous was well-founded, giving it the basis to dismiss Bennett's *in forma pauperis* petition.

For these reasons, the order of the trial court, denying the request of Bennett for leave to file this civil action *in forma pauperis,* is affirmed.

## ORDER

AND NOW, this 16th day of March, 2007, the order of the Court of Common Pleas of Huntingdon County dated February 2, 2006, in the above captioned matter is hereby affirmed.

---

4. The Pennsylvania Rules of Civil Procedure require consecutive numbering:

Every pleading shall be divided into paragraphs numbered consecutively. Each paragraph shall contain as far as practicable only one material allegation.
PA. R.C.P. No. 1022.