IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavince Pate,                            :
                    Appellant            :
                                         :
            v.                           :
                                         :
Rev. Darrell Wireman, Connie             :
Green, Tabb Bickell, Dorina Varner,      :   No. 932 C.D. 2015
Thomas McFee, et al.                     :   Submitted: August 7, 2015

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE McGINLEY                          FILED: September 30, 2015

            Lavince Pate (Pate) appeals *pro se* from the Order of the Court of

Common Pleas of Huntingdon County (common pleas court) which dismissed *sua*

*sponte* Pate's complaint as frivolous pursuant to Section 6602(e) of the Prisoner

Litigation Reform Act (PLRA), 42 Pa.C.S. §6602(e)[1] and Pa.R.C.P. No. 240(j)[2].

---

[1] Section 6602 of the PLRA, 42 Pa.C.S. §6602 provides:
    **(e) Dismissal of litigation.-** Notwithstanding any filing fee which
    has been paid, the court shall dismiss prison conditions litigation at
    any time, including prior to service on the defendant, if the court
    determines any of the following:

    ….

    (2) The prison conditions litigation is frivolous or malicious or
    fails to state a claim upon which relief may be granted or the
    defendant is entitled to assert a valid affirmative defense, including
    immunity, which, if asserted, would preclude the relief.

[2] Pa.R.C.P. No. 240(j)(1) provides:
    If, simultaneous with the commencement of an action or
    proceeding or the taking of an appeal, a party has filed a petition
    for leave to proceed in forma pauperis, the court prior to acting
    upon the petition may dismiss the action, proceeding or appeal if

On February 20, 2014, Pate, an inmate housed at the State Correctional Institution at Huntingdon (SCI-Huntingdon), was denied a Rastafarian hair grooming exemption by Darrel Wireman, the Chaplaincy Program Director at SCI-Huntingdon.

On March 3, 2014, Pate filed an Official Inmate Grievance (Grievance) and alleged:

> Appeal of hair length exemption denial, for Rastafarian, on 2-20-14 I submitted an Inmate Accommodation Request Form dated May 23, 2013 for Rastafari religious services and again in January 2014, I submitted yet another Religious Accommodation Request Form, requesting Rastafari religious services. I submitted these [sic] that I could learn more about my religion as well as worshipping with my spiritual congregation. 'Classes in Catholicism are given by the chaplain in addition to regular services.' I am being discriminated against and denied equal protection. I am requesting the decision of chaplain Wireman be reversed. Additionally, [sic] no Rastafarian minister was consulted as is the procedure when dealing with other religious groups here on internal matters of their particular religions.

Official Inmate Grievance, March 3, 2014, at 1; *See* Exhibit 3. (Emphasis added.)

On March 10, 2014, Pate's Grievance was rejected because "[g]rievances based upon different events must be presented separately," and "[t]he grievance was not submitted within fifteen [15] working days after the events upon which claims are based." Inmate Grievance Rejection, March 10, 2014, at 1; *See* Exhibit 4. Connie Green, the Facility Grievance Coordinator at SCI-Huntingdon,

the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

2

also informed Pate that "[i]f you can provide information or dates to show timeliness, you may resubmit your grievance…." Inmate Grievance Rejection, March 10, 2014, at 1; *See* Exhibit 4. (Emphasis added.)

On March 23, 2014, Pate appealed the denial of his Grievance.

On April 14, 2014, Tabb Bickell, Facility Manager at SCI-Huntingdon, upheld the rejection of Pate's Grievance and informed Pate:

> In reviewing your grievance and appeal, I note that your original grievance was rejected because grievances based upon different events must be submitted separately and it was not submitted within 15 working days of the events upon which your claims are based. In your appeal to this rejected grievance, you argue your grievance was properly submitted as these are ongoing issues. You have presented two separate issues in your initial grievance. One concerns a hair length exemption, and the other concerns providing Rastafarian worship services. While these may be ongoing issues, grievances are based on events. In your initial grievance, you state you submitted a religious accommodation form on 5-23-13 and again in January 2014. You submitted your grievance on 3-3-14 which is clearly more than 15 working days from your submissions. You provided no other information to explain how your grievance is timely; therefore, I must agree it has been properly rejected.

Inmate Grievance Rejection, April 14, 2014, at 1; *See* Exhibit 6. (Emphasis added.)

Pate appealed and Dorina Varner, Chief Grievance Officer, dismissed Pate's appeal on May 29, 2014, again because Pate did not submit separate

3

grievances based upon different events and because he did not act timely. Final Appeal Decision, May 29, 2014, at 1; *See* Exhibit 8.

On or about September 3, 2014, Pate filed his complaint against Darrell Wireman, Connie Green, Tabb Bickell, Dorina Varner, Thomas McFee (collectively, Appellees) in the common pleas court along with an application to proceed in *forma pauperis*. Pate alleged:

> 1V. [sic] <u>STATEMENT OF FACTS</u>
>
> On February 20, 2014, Respondents Wireman and McFee, of the chaplaincy department, refused petitioner's request for a Rastafari hair exemption religious accommodation, without legitimate reason, depriving petitioner [Pate] of his constitutional right to practice his religion….
>
> 11. On March 10, 2014, Respondent Connie Green falsified official documents to deem petitioner's [Pate's] appeal untimely, and violate his constitutional right to religious freedom[3]….
> ….
> 13. <u>Petitioner [Pate] has filed no previous lawsuits concerning this matter.</u>
> ….
> 14. Petitioner [Pate] appealed religious accommodation denial utilizing all channels provided by the Department of Corrections to the Chief Grievance Officer, prior to filing this civil action.
> ….

---

[3] This Court must note that the common pleas court's October 27, 2014, decision contains crucial typographical errors. The common pleas court incorrectly referred to March 3, <u>2013</u>, as the date when Pate filed an Official Inmate Grievance Form. However, it appears that Pate filed that document on March 3, <u>2014</u>. While that may be a clearly discernable typographical error, the common pleas court judge also accepted <u>February 2, 2014</u>, as the date of the event for which Pate filed a Grievance. Conversely, Pate alleged both in his brief and Exhibit 3 that the correct date was <u>February 20, 2014</u>.

4

COUNT ONE:
VII. FIRST AMENDMENT VIOLATION
….
17. Respondents Wireman, McFee, Bickell, Green and Varner intentionally violated the Petitioner's rights under the First Amendment of the United States Constitution when they:

Religious Discrimination:
(a) violated DC-ADM 819 Sec. 4B., 2d.,: 'within 20 working days, the FCPD [Facility Chaplain Program Director] will do the following: (2) interview the inmate and evaluate the sincerity of the inmate's request.' Id…. Respondents revealed, at the beginning of Petitioner's interview that they knew nothing of Petitioner's [Pate's] faith and so lack the knowledge to gage Petitioner's [Pate's] sincerity.

(b) force Petitioner to cut the locks of his hair until he is permitted to re-submit another religious accommodation request one year later pursuant to DC-ADM 819 Sec. 4.B, 2.h, (2)(c) which states: 'inmate may not reapply for a grooming exemption until one year after the date of notification of the denial, revocation OR one year after notification of a final denial of the inmate grieved the decision.' Id….

(c) violated the Equal Protection Clause of the First Amendment [sic] by forcing a bigger burden on inmates professing the RastafarI [sic] faith then [sic] any other faith group. The lack of Rasta religious services, lack of Rasta Faith Group Leader and the lack of Rasta based faith gathering creates a bigger burden on the Rasta inmates to prove their sincerity and obtain religious considerations….

Complaint, August 21, 2014, at 3-4. (Emphasis added.)

5

On September 8, 2014, the common pleas court dismissed Pate's complaint *sua sponte* as frivolous pursuant to Pa. R.C.P. No. 240(j)(1). The common pleas court determined:

> On February 20, 2014, Lavince Pate…was denied a Rastafarian hair grooming exemption….According to DC-ADM 819, Religious Activities Procedures Manual Section 4- 'Religious Accommodations,' an inmate who is denied a grooming exemption cannot reapply for a grooming exemption until one year after the date of his or her notification. <u>On March 3, 2013, [sic] Plaintiff [Pate] filed an Official Inmate Grievance Form. Plaintiff [Pate] cites three specific instances where he sought relief (i.e. May 23, 2013; January 2014; and February 2, 2014).</u> Plaintiff [Pate] alleged that his denial of relief in these instances constitutes discrimination and a denial of his equal protection of the law. Plaintiff [Pate] also asked for the decision of Defendant Wireman to be reversed and inquired into why no Rastafarian ministers were consulted in his case.
> ….
> The Defendants did not discriminate against Plaintiff [Pate] because of his religion. In fact, the measures that the Pennsylvania Department of Corrections went to in ensuring that Plaintiff was treated fairly have gone above and beyond what should be expected for a State Correctional facility. Defendants gave Plaintiff the opportunity to petition for a hair groom exemption, file an official inmate grievance, and appeal all decisions until the final review board handled the matter. <u>Though the State Correctional Institution in Huntingdon may lack Rastafarian religious services, Rastafarian Faith group leaders, and Rastafarian-based faith gatherings, the process of obtaining a hair groom exemption, filing an official grievance, and appealing decisions is administered equally and fairly to all prisoners, regardless of their religious beliefs.</u>
>
> The Pennsylvania Department of Corrections is best suited to enact policies to ensure that inmates are treated fairly. They have performed their duty in this case, and

6

to permit Plaintiff to engage in frivolous litigation in these circumstances would open up our courts to every inmate who questions the policies of the Department. Incarceration does not remove the protected rights of an individual, it does however mean, 'that lawful imprisonment properly results in a retraction [of rights] justified by the considerations underlying our penal system.' Prive v. Johnston, 334 U.S. 266, 285 (1948); Pell v. Procunier, 417 U.S. 817, 822 (1974).

Plaintiff's Complaint is frivolous and lacks any claim upon which relief can be granted. Although Pennsylvania law provides an exception for prisoners who make an allegation of imminent danger, such circumstances do not exist in this case. The PRLA demands that Courts dismiss non-meritorious Complaints. Therefore, this Court has rightfully dismissed Plaintiff's filing pursuant to the language of 42 Pa.C.S. § 6602(e) and Pa.R.C.P. No. 240(j).

Common Pleas Court Decision, October 27, 2014, at 3. (Emphasis added.)

On appeal, Pate contends[4] that the common pleas court erred when it dismissed his complaint for two reasons. First, Pate argues that he was incorrectly denied a Rastafarian hair grooming exemption.[5] Pate also contends that his equal

---

[4] This Court's review is limited to a determination of whether constitutional rights were violated, or whether the common pleas court abused its discretion or committed an error of law. *Pew v. Mechling*, 929 A.2d 1214, 1217 n.4 (Pa. Cmwlth. 2007).

[5] The Department Policy DC-ADM 807, issued December 15, 2003, establishes inmate grooming standards and provides, in pertinent part, as follows:

A. Hairstyles
1. General
Hairstyles of different types will be permitted provided they do not conflict with the facility's procedures for safety, security, identification, and sanitation efforts.

2. Male Hairstyles

protection rights are being violated because he does not have a reasonable opportunity to pursue his faith as comparable to other inmates and religions at SCI-Huntingdon.

---

> a. Hair that does not fall below the top of the collar in length (Afro styles no longer than four inches) shall be permitted.
>
> &ast; &ast; &ast;
>
> d. An inmate request for a hairstyle exemption based in religion shall be in accordance with the Department policy DC- ADM 819, 'Religious Activities.'

Policy DC-ADM 807.

The Department Policy, DC-ADM 819, Religious Activities, issued June 10, 2002, establishes the procedure and standards for a religious accommodation:

> A. General
> 1. Within security and budgetary limitations and in light of available resources, the Department will seek to accommodate the sincerely held religious beliefs of every inmate using the least restrictive means necessary provided they do not interfere with security priorities and with the normal operation of each facility.
>
> 2. An inmate seeking an accommodation for a sincerely held religious belief may submit the appropriate request form, noted below, to his/her Facility Chaplaincy Program Director (FCPD) for consideration.
>
> B. Grooming Exemption Requests
> ….
> 2. Actively Serving Inmates
>
> a. A male inmate whose status is 'Actively Serving' and who wishes an exemption to Department policy DC-ADM 807 must submit a Grooming Exemption Request Form (Attachment 4-A) <u>within 15 working days of receiving the order to cut his hair/beard</u>. If a Grooming Exemption Request Form is not submitted within 15 working days of the initial order for an inmate to cut his hair/beard, the inmate shall be subject to discipline in accordance with Department policy DC-ADM 801.

Policy DC-ADM 819.  (Emphasis added.)

Appellees and the Department of Corrections argue that the common pleas court did not err when it *sua sponte* dismissed Pate's complaint as frivolous. Specifically, Appellees and the Department of Corrections argue that Pennsylvania case law has established that a policy limiting hair length does not violate an inmate's constitutional rights to freedom of religion.

In *Meggett v. Pennsylvania Department of Corrections*, 892 A.2d 872 (Pa. Cmwlth. 2006), this Court determined that a prison policy limiting "Afro" hairstyles to four inches in length was reasonably related to the prison's interest in eliminating the use of long hair to conceal and move contraband, in aiding prison staff in identification of an inmate, and in advancing inmate hygiene. This Court held that the Department of Corrections' interests outweighed the rights an inmate had to wear his hair in long dreadlocks under the First Amendment's Establishment and Free Speech Clauses.

An action is frivolous under Pa. R.C.P. No. 240(j)(1) "if, on its face, it does not set forth a valid cause of action." *Bennett v. Beard,* 919 A.2d 365, 367 (Pa. Cmwlth. 2007) (quoting *McGriff v. Vidovich,* 699 A.2d 797, 799 (Pa. Cmwlth. 1997), *appeal denied*, 553 Pa. 693, 717 A.2d 1030 (1998)). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Conover v. Mikosky*, 609 A.2d 558 (Pa. Super. 1992). Although Pate's claims that he was unfairly denied a Rastafarian hair exemption and equal protection to pursue his religion convictions may eventually be found frivolous, this record is insufficient to make that determination.

9

In the present case, Pate alleged that he "has no previous lawsuits" alleging a constitutional violation. Without any responsive pleading filed by Appellees, this Court is unable to render meaningful appellate review as to whether Pate's constitutional claims are frivolous. Appellees and the Department of Corrections were never given an opportunity to adequately respond.

Accordingly, the common pleas court's *sua sponte* dismissal of Pate's complaint is vacated and this matter is remanded for proceedings consistent with this opinion. Appellees and the Department of Corrections are ordered to file their responsive pleading to the complaint within twenty days.

_____
BERNARD L. McGINLEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavince Pate,                          :
                   Appellant        :
                                            :
                v.                    :
                                              :
Rev. Darrell Wireman, Connie           :
Green, Tabb Bickell, Dorina Varner,    :   No. 932 C.D. 2015
Thomas McFee, et al.                   :

# O R D E R

AND NOW, this 30th day of September, 2015, the Order of the Court of Common Pleas of Huntingdon County in the above-captioned matter is vacated and this matter is remanded for proceedings consistent with this opinion. Appellees and the Department of Corrections are ordered to file their responsive pleading to the complaint within twenty days.

        Jurisdiction relinquished.

                                       _____
                                       BERNARD L. McGINLEY, Judge