IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony R. Thompson,                      :
Kahmir Delapara,                          : No. 1909 C.D. 2015
Rashaun Garner,                           : Submitted: January 15, 2016
Michael Richards, and                     :
John Thomas                               :
                                          :
                  v.                       :
                                          :
Commonwealth of Pennsylvania,             :
John E. Wetzel, and                       :
Michael Overmeyer                         :
                                          :
Appeal of: Anthony R. Thompson            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED: March 8, 2016


           Anthony R. Thompson[1] appeals, *pro se*, from the September 15, 2015,
order of the Court of Common Pleas of the 37th Judicial District (Forest County
Branch) (trial court), which dismissed Thompson's complaint and denied his

---

[1] The record does not indicate that the other named plaintiffs below actually joined
Thompson's complaint, motion for leave to proceed *in forma pauperis*, or appeal. Therefore,
although Thompson claims to act on behalf of these other persons, we treat him as the only
appellant in the instant matter. *See Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d
1130, 1130 (Pa. Cmwlth. 2001) ("It is well settled that, with a few exceptions . . . , non-attorneys
may not represent parties before the Pennsylvania courts.").

application for leave to proceed *in forma pauperis* pursuant to Pa. R.C.P. No. 240(j)(1).[2]  We affirm.

Thompson is presently incarcerated at the State Correctional Institution at Forest (SCI-Forest) in Marienville, Pennsylvania.  On September 8, 2015, Thompson filed a class action complaint against the Commonwealth of Pennsylvania, John E. Wetzel in his individual and official capacity as director of SCI-Forest, and Michael Overmeyer in his individual and official capacity as the superintendent of SCI-Forest (together, Appellees).

In his complaint, Thompson asserted that his incarceration is illegal under the Eighth and Fourteenth Amendments to the United States Constitution because "[t]he [Commitment] Sentencing Order of confinement in question . . . does not cite statutory authority within its contents . . . to support [Thompson's] imposed sentence" and, therefore, the Department of Corrections (DOC) "does not lawfully [possess] a lawful Sentencing Order."  (Compl. at 2, 3.)  Thompson requested, among other things, compensatory and punitive damages from Appellees and an injunction

---

[2] Pa. R.C.P. No. 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

An action is frivolous if it "'lacks an arguable basis either in law or in fact.'"  Note to Pa. R.C.P. No. 240(j)(1) (citation omitted).

ordering Thompson's release from incarceration. (*Id.* at 4.) Also on September 8, 2015, Thompson filed an application for leave to proceed *in forma pauperis*.

On September 15, 2015, the trial court denied Thompson's application for leave to proceed *in forma pauperis* as frivolous under Pa. R.C.P. No. 240(j)(1) and dismissed his complaint for the same reason. On September 21, 2015, Thompson appealed to this court[3] and filed a concise statement of errors complained of on appeal in the trial court.

Thompson argues that the trial court erred in dismissing his complaint and denying his application for leave to proceed *in forma pauperis* as frivolous because his incarceration is illegal where DOC does not possess a court commitment form DC-300B or a sentencing order that cites statutory authority. We disagree. "[F]ailing to cite a statute does not automatically result in a sentence being illegal where the court otherwise had statutory authority to sentence the defendant." *Commonwealth v. Stultz*, 114 A.3d 865, 886 (Pa. Super.), *appeal denied*, 125 A.3d 1201 (Pa. 2015). Here, Thompson's complaint failed to set forth any coherent or specific assertion that the sentencing court lacked authority to sentence Thompson.[4]

---

[3] "Our scope of review of a trial court's denial of an *in forma pauperis* application is limited to determining whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." *Bennett v. Beard*, 919 A.2d 365, 366 n.1 (Pa. Cmwlth. 2007).

[4] In his complaint, Thompson asserted that he was "unlawfully [sentenced] . . . in accordance to prior but abolished mandatory sentences noted in Title 18." (Compl. at 1.) His complaint fails to further clarify this statement or cite to a specific provision of the Crimes Code.

Therefore, the trial court properly dismissed Thompson's complaint and denied Thompson's application for leave to proceed *in forma pauperis* as frivolous.[5]

Accordingly, we affirm.[6]

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[5] Additionally, we note that Appellees would under no circumstances be liable for monetary damages for relying on a sentencing order or commitment form. *See* Section 9764(c.1)(3) of the Sentencing Code, 42 Pa. C.S. §9764(c.1)(3) ("[DOC] . . . and a county correctional facility shall not be liable for compensatory, punitive or other damages for relying in good faith on any sentencing order or court commitment form DC–300B.").

[6] Thompson also argues that the trial court erred in not issuing an opinion in support of its September 15, 2015, order pursuant to Pa. R.A.P. 1925(a)(1). The purpose of Pa. R.A.P. 1925(a)(1) is for the trial court to articulate a reasoned basis for its order, thereby facilitating appellate review. *Lemon v. Department of Transportation, Bureau of Driver Licensing*, 763 A.2d 534, 537 n.2 (Pa. Cmwlth. 2000). In the order, the trial court states only that it dismissed Thompson's complaint and denied Thompson's application for leave to proceed *in forma pauperis* because both were "frivolous due to lacking an arguable basis in law and fact." (Trial Ct. Order, 9/15/15, at 1.) Although this generic statement is arguably insufficient, the record is sufficient for our appellate review.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony R. Thompson,        :
Kahmir Delapara,         : No. 1909 C.D. 2015
Rashaun Garner,          :
Michael Richards, and      :
John Thomas              :
                             :
             v.       :
                             :
Commonwealth of Pennsylvania, :
John E. Wetzel, and        :
Michael Overmeyer       :
                             :
Appeal of: Anthony R. Thompson  :

# O R D E R

AND NOW, this 8<u>th</u> day of <u>March</u>, 2016, we hereby affirm the September 15, 2015, order of the Court of Common Pleas of the 37th Judicial District (Forest County Branch).

_____
ROCHELLE S. FRIEDMAN, Senior Judge