IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Lynch,                          :
         Appellant               :
                                      :
         v.                            :    No. 2467 C.D. 2015
                                        :    Submitted: April 1, 2016
Andrew L. Gittelmacher              :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED:  June 8, 2016

        John J. Lynch, *pro se*, appeals a November 3, 2015, order of the Court of Common Pleas of Montgomery County (trial court) denying his petition seeking leave to proceed *in forma pauperis* in his civil action against Andrew Gittelmacher. After careful review, we determine that the trial court did not set forth sufficient reasons for denying Lynch's petition as required by the Pennsylvania Rules of Civil Procedure. Accordingly, we vacate the trial court's order and remand for further proceedings.

        By way of background, on or about July 2, 2015, Lynch filed a complaint against Gittelmacher in the Philadelphia County Court of Common Pleas raising allegations of harassment, assault, and threatening conduct by Gittelmacher. Lynch sought damages of $150,000 and an injunction directing that Gittelmacher have no contact with Lynch and remain a distance of 250 feet from Lynch. On October 13, 2015, Lynch filed a praecipe for entry of default judgment against Gittelmacher and a praecipe for writ of execution.

On October 19, 2015, Lynch filed a praecipe for writ of execution, together with a Petition to Proceed *In Forma Pauperis* (*In Forma Pauperis* Petition) in the trial court. In the writ of execution, Lynch sought to have the Montgomery County Sheriff levy Gittelmacher's property; sell Gittelmacher's interest in a house located at 3769 Ridgeway Road, Huntingdon Valley, Pennsylvania 19006, including its contents, furniture, appliances and all motor vehicles on site; and levy all of Gittelmacher's vehicles stored in a garage belonging to Peter and Stewart Smith, located at 9351 Old Buselton Pike, Philadelphia, PA 19115.

On November 3, 2015, the trial court held a hearing and denied Lynch's request to proceed *in forma pauperis*. The trial court did not set forth any reasons, either in the order or during the hearing, for its denial. On November 18, 2015, Lynch appealed to this Court.[1]

On appeal,[2] Lynch contends that the trial court abused its discretion by denying his *In Forma Pauperis* Petition with "'no basis' in law or in fact." Appellant's Brief at 13. In response, Gittelmacher argues, first, that Lynch's appeal is moot because the judgment which Lynch sought to enforce through the praecipe for writ of execution has been vacated. Second, in the alternative,

---

[1] Generally, this Court does not hear appeals in a civil action between two private individuals. Nevertheless, because Gittelmacher has not objected to our jurisdiction it is perfected. *See* Pa. R.A.P. 742(a) ("The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court[.]").

[2] This Court's "scope of review of a trial court's denial of an *in forma pauperis* application is limited to determining whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." *Bennett v. Beard,* 919 A.2d 365, 366 n. 1 (Pa. Cmwlth. 2007).

Gittelmacher argues that this Court should adopt the analysis of the trial court in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion.[3]

First, we consider whether the trial court erred in dismissing Lynch's *In Forma Pauperis* Petition without explanation. Pennsylvania Rule of Civil Procedure No. 240, which governs petitions to proceed *in forma pauperis* in civil actions, provides in relevant part:

> (b)  A party who is without financial resources to pay the costs of litigation is entitled to proceed in forma pauperis.
>
> (c)  …
>
>> (3)  Except as provided by subdivision (j)(2), the court shall act promptly upon the petition and shall enter its order within twenty days from the date of the filing of the petition. *If the petition is denied, in whole or in part, the court shall briefly state its reasons.*
>>
>> * * *
>
> (j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

---

[3] In its 1925(a) opinion, the trial court explained that Pennsylvania Rule of Civil Procedure 240(j)(1) grants the trial court discretion to deny a request to proceed *in forma pauperis* when the underlying petition is frivolous. *See* Trial Court opinion, 12/28/2015, at 4. The trial court concluded that Lynch's writ of execution was defective and frivolous because it sought to execute on a default judgment entered in error, demanded that the Montgomery County Sheriff sell real property in violation of the Rules of Civil Procedure, and requested that property located in another county be attached. *Id.*

3

Pa. R.C.P. No. 240 (emphasis added). An order denying *in forma pauperis* status in a civil case is a final and appealable order because "[a] litigant who is denied the ability to bring a cause of action due to his true inability to pay the costs is effectively put out of court." *Grant v. Blaine,* 868 A.2d 400, 402-03 (Pa. 2005).

Here, the trial court did not provide a brief statement of its reasons for denying Lynch's Petition as required by Pa. R.C.P. No. 240(c)(3). "A trial court's belated 1925(a) opinion does not cure this problem, since the brief statement of reasons enables the party to correct any defects in the petition and the 1925(a) opinion does not." *Goldstein v. Haband Company, Inc.*, 814 A.2d 1214, 1215 (Pa. Super. 2002). Because the trial court did not provide a brief statement of its reasons at the time it denied Lynch's Petition, we vacate the trial court's order and remand the matter for further proceedings.

In its 1925(a) opinion, the trial court stated that it denied Lynch's *In Forma Pauperis* Petition on the basis of Pennsylvania Rule of Civil Procedure No. 240(j)(1). When a petition to proceed *in forma pauperis* is filed contemporaneous with the commencement of an action, Pennsylvania Rule of Civil Procedure No. 240(j)(1) permits a court "*prior* to acting upon the [*in forma pauperis*] petition" to "*dismiss the action, proceeding* or appeal if the allegation of poverty is untrue or *if it is satisfied that the action, proceeding or appeal is frivolous*." Pa. R.C.P. No. 240(j)(1) (emphasis added). In its 1925(a) opinion, the trial court concluded that Lynch's writ of execution was defective and frivolous, but it did not dismiss the writ, as authorized by Pa. R.C.P. No. 240(j)(1). Rather, it dismissed Lynch's *In Forma Pauperis* Petition. Pa. R.C.P. No. 240(j)(1) is irrelevant to a dismissal of an *in forma pauperis* petition.

4

Finally, we consider Gittelmacher's contention that this appeal is moot as a result of a January 27, 2016, order of the Court of Common Pleas of Philadelphia County vacating the judgment which Lynch sought to execute upon through the filing of the praecipe for writ of execution in the trial court. The present appeal concerns only the *In Forma Pauperis* Petition. The underlying matter – the praecipe for writ of execution – is still pending before the trial court. It is well established that an actual case or controversy must exist at all stages of appellate review, and that the courts of this Commonwealth will not decide moot questions. *In re Gross,* 382 A.2d 116 (Pa. 1978); *Strax v. Department of Transportation, Bureau of Driver Licensing,* 588 A.2d 87 (Pa. Cmwlth. 1991). Because we are vacating the trial court's order and remanding this matter back to the trial court, we decline to address the mootness issue.

For the above-stated reasons, we vacate the trial court's order denying Lynch's Petition for Leave to Proceed *In Forma Pauperis* and remand this matter to the trial court for further proceedings.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Lynch,              :
         Appellant          :
                              :
         v.                   :    No. 2467 C.D. 2015
                              :
Andrew L. Gittelmacher        :

# **O R D E R**

AND NOW, this 8th day of June, 2016, the order of the Court of Common Pleas of Montgomery County dated November 3, 2015, in the above-captioned matter is hereby VACATED and the case is REMANDED for proceedings in accordance with the attached opinion.

        Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge