# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bennie Anderson, :
                    Appellant :
 :
           v. : No. 668 C.D. 2021
 : SUBMITTED: July 23, 2021
Rob Lynch (Registered Nurse :
Supervisor); PA-C Nalley and Four :
Unknown Nurses; Ms. Paula Price :
(RN Nurse & Administrator); :
the Supervising Doctor at SCIH; :
W. House (Major of The Guard) :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**          **FILED: September 21, 2021**

       Prisoner, Bennie Anderson, appeals *pro se* from an order of the Court of Common Pleas of Huntingdon County dismissing his civil rights complaint against Pennsylvania Department of Corrections appellees Rob Lynch (Registered Nurse Supervisor); PA-C Nalley and Four Unknown Nurses; Ms. Paula Price (RN Nurse & Administrator); the Supervising Doctor at the State Correctional Institution in Huntingdon, Pennsylvania (SCIH); and W. House (Major of The Guard). Common pleas dismissed the complaint as frivolous pursuant to Pennsylvania Rule

of Civil Procedure No. 240(j)(1) (Rule 240(j)(1)).[1] We reverse the dismissal of the complaint and remand this matter for further proceedings with directions that the complaint be reinstated.

Anderson is incarcerated at SCIH. In January 2021, he filed the complaint at issue seeking compensatory and punitive relief under Section 1983 of the United States Code, 42 U.S.C. § 1983.[2] In support of his complaint, Anderson alleged that he is an elderly inmate suffering from heart failure with attendant serious complications including swelling in both legs and feet, chest pains, shortness of breath, dizziness, and "faintness." (Complaint at 2.) Alleging that he has been incarcerated at SCIH for decades without incident, he avers that he is known as a regular-population inmate and that he resides in B Unit in the block where the medical department is located. (*Id*.) The gravamen of his complaint is that the Department of Corrections appellees mishandled his medical aftercare and housing following two medical appointments and/or procedures during the height of the COVID-19 pandemic resulting in the deprivation of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. As common pleas summarized:

> 1. **May 15, 2020**: [Anderson] alleges that he was transferred to J.C. Blair [H]ospital for a medical appointment that was ultimately cancelled. Upon his return to [SCIH] he was held in quarantine for fourteen

---

[1] Because common pleas dismissed this matter as frivolous prior to service, the Department of Corrections appellees have not participated in this appeal. (April 26, 2021 Notice of Non-Participation.)

[2] Section 1983 provides an individual with the right to sue state government employees and others acting "under color of state law" for civil rights violations. To establish a prima facie case, a plaintiff must allege two elements: (1) the action occurred "under color of state law"; and (2) the action is a deprivation of rights, privileges, or immunities guaranteed under federal law or the United States Constitution. 42 U.S.C. § 1983.

days due to the COVID-19 pandemic, despite supposedly only having direct contact with the [SCIH] staff who transported him and having tested negative for COVID-19 before being transported for the appointment. The quarantine cell was allegedly on the "D-Max" block, and [Anderson] was not given access to his property from his usual cell, including toiletries [soap, toothbrush, toothpaste, eyeglasses, and clean clothes] and medications [related to high blood pressure, thyroid, prostate, and cataracts]. [Additionally, he alleges that as a vulnerable inmate, he should not have been placed in a cell for two weeks in proximity to at least nine inmates who had tested positive for COVID-19.]

2. **June 2, 2020**: [Anderson] alleges that he was again transported to J.C. Blair [H]ospital for a "serious operation" to treat his heart failure, which involved an incision "deep over the heart." He alleges that the standard procedure is to hold inmates who have undergone surgery in the infirmary at SCI-Smithfield while they recover. Instead, the infirmary was not accepting any inmates from [SCIH] because of the COVID-19 pandemic, and [he] was returned to [SCIH]. For the first three days[,] he was held in a special observation cell typically used for housing inmates on suicide watch, meaning it had limited amenities (including a toilet that can only be flushed by a staff member).[3] He was then moved to a quarantine cell on the "D-Rear" block. [Once again, he] did not have access to his property or toiletries. In [the absence of a washcloth, soap, or hot water], he alleges that this meant he could not properly clean the surgical wound site [as instructed by hospital staff].

---

[3] Anderson alleged:

> This is a cell used not for recovery but for observing a mentally ill prisoner trying to hurt himself or commit suicide. The door to the cell was a clear plate glass that deprived me of *any* privacy while using the toilet— and I could not flush [it] from inside the cell, I had to wait for someone to flush it from outside the cell. Often that would be an extended time before someone would flush it.

(Complaint at 4) (emphasis in original).

(Feb. 9, 2021 Trial Court Op. at 1-2) (footnote added). Subsequently, common pleas dismissed the complaint as frivolous. Anderson's appeal followed.[4]

> Pursuant to Rule 240(j)(1):
>
> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa. R.C.P. No. 240(j)(1). A frivolous action, proceeding or appeal is one that "lacks an arguable basis in either law or in fact." *Shore v. Pa. Dep't of Corr.*, 179 A.3d 441, 442 (Pa. 2018). A complaint is frivolous under Rule 240(j)(1) when, on its face, it does not set forth a valid cause of action. *Bennett v. Beard*, 919 A.2d 365, 367 (Pa. Cmwlth. 2007). "Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014). However, a *pro se* complaint will not be dismissed merely because it is not artfully drafted. *Hill v. Thorne*, 635 A.2d 186, 189 (Pa. Super. 1993).

In the present case, we conclude that the complaint arguably sets forth valid causes of action upon which relief can be granted for violations of prison regulations and policies, as well as the United States Constitution. Anderson makes

---

[4] The Superior Court transferred this matter pursuant to Section 762(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 762(a)(1)(i), vesting Commonwealth Court with exclusive jurisdiction over appeals from final orders of common pleas courts in civil actions against a Commonwealth entity where Commonwealth Court lacks original jurisdiction.

4

specific averments as to the job duties of each of the Department of Corrections appellees and his understanding as to how they violated prison protocol and/or endangered his health in violation of the law. While some of the complaints, even should they be proven, would not rise to constitutional dimension so as to satisfy the requirements of Section 1983, others would. Consequently, though not a model of clarity, the complaint is not frivolous. *See Bailey v. Wakefield*, 933 A.2d 1081, 1084 (Pa. Cmwlth. 2007) (court concluded that complaint was "not frivolous because it set[] forth valid causes of action against the Department [of Corrections] for violations of the prison regulations, policies and the United States and Pennsylvania Constitutions") As common pleas observed, Anderson "paints a picture that is concerning[.]" (Feb. 9, 2021 Trial Court Op. at 3.)

Accordingly, we reverse the dismissal of the complaint and remand this matter for further proceedings with directions that the complaint be reinstated.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bennie Anderson,                          :
                          Appellant       :
                                          :
                  v.                      :        No. 668 C.D. 2021
                                          :
Rob Lynch (Registered Nurse               :
Supervisor); PA-C Nalley and Four         :
Unknown Nurses; Ms. Paula Price           :
(RN Nurse & Administrator);               :
the Supervising Doctor at SCIH;           :
W. House (Major of The Guard)             :

## **O R D E R**

AND NOW, this 21st day of September, 2021, the order of the Court of Common Pleas of Huntingdon County is hereby REVERSED.  We REMAND this matter for further proceedings with directions that the complaint be REINSTATED.

Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita