# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terrence Andrew Harris,         :
                  Appellant    :
                          :
           v.          :   No.  1323 C.D. 2020
                          :   Submitted: October 15, 2021
PA Attorney General,        :
Pennsylvania Department of Corrections,:
Secretary John E. Wetzel,      :
Chief Dorina Varner, Cpt. Brownawell, :
Jullian Deiley, Kellanie Anderson,   :
Lisa Eddy, Grievance Officer Eric W.  :
Tice, Jim Logan, Smart         :
Communications, Lt. Leidhecker,    :
PA Attorney General Josh Shapiro,   :
and Office of the Governor      :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE J. ANDREW CROMPTON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON              FILED:  December 29, 2021

Terrence Andrew Harris (Harris), an incarcerated individual, appeals, *pro se*, an order of the Court of Common Pleas of Somerset County (trial court) that denied his request to proceed *in forma pauperis* because his complaint failed to allege any arguable cause of action and failed to set forth any arguable basis for a cause of action.  The trial court simultaneously dismissed Harris's complaint and

denied his request to proceed *in forma pauperis*. For the following reasons, we affirm.

Harris, an inmate at the State Correctional Institution at Somerset County (SCI-Somerset), filed a complaint in the trial court naming the Secretary of Corrections and numerous others, including the Pennsylvania Attorney General and the Office of the Governor of Pennsylvania (collectively, Defendants) and, simultaneously, filed a petition for leave to proceed *in forma pauperis*.

In his complaint to the trial court, Harris stated that he was asserting "a [] mail censorship campaign" by the Department of Corrections (DOC) and its staff which caused him injury. Harris's Complaint to trial court at 15a, November 9, 2020. Harris further asserted "prima facie, ipso facto, non-feasances" and "mens rea by all Defendants." *Id*. Harris stated that "publishers and mail senders suffer injury with mail censorship." *Id*. Harris further alleged:

10. [Harris] has successfully provided a ten (10) year + trend of inmate grievance system tyranny [sic] and oppression.
11. [Harris] has successfully provided full documentation of a continuous "mail censorship" upon self by [] DOC.
12. [Harris] has successfully provided full [Pennsylvania] RTKL[1] reporting of inmate grievance performance(s).
13. [Harris] has successfully provided evidence of due process denials upon all [Pennsylvania] facilities.
14. [Harris] asserts a collusional conspiracy to squash nearly 100% of all yearly inmate grievances.
15. [Harris] has exhausted all administrative remedies and pleads with [] DOC to provide a lawful relief.
16. [Harris] asserts Defendant(s) defy legislation, have no accountability and follow a messiah complex.

---

[1] This is presumably a reference to a request under the Commonwealth's Right-to-Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104. Harris makes reference to this again later as "R.T.K.L," rather than as "RTKL."

17. [Harris] seeks damages as well as a cease[-]and[-]desist order, *et al.*

Harris's Complaint to trial court at 15b, November 9, 2020.[2]

Harris claimed to be seeking compensatory damages in the amount of "1 Troy [Ounce] (or equivalent current value)" against each Defendant jointly or severally and punitive damages in the amount of "10 Troy [Ounces] (or equivalent current value)" against each Defendant. Harris's Complaint to trial court at 4i., November 9, 2020.

The trial court issued an order stating, in pertinent part:

> Simply stated, Rule 240[3] allows us to dismiss the case if we find the action to be frivolous. Notably, we may only dismiss an action under this Rule if we have not yet granted the plaintiff *in forma pauperis* status. In other words, once we grant the plaintiff *in forma pauperis* status, we are not permitted to dismiss his or her action under the Rule 240 test of frivolity. *Grosso v. Love*, 667 A.2d 43, 44 (Pa. Cmwlth. 1995). Therefore, we take this opportunity to review the merits of [Harris's] Complaint now, before granting him *in forma pauperis* status.
>
> In addition, the Prison Litigation Reform Act, 42 [Pa.C.S.] §[§]6601[-6608], provides that the court shall dismiss prison conditions litigation at any time if the court determines that the litigation is frivolous, malicious, or fails to state a claim upon which relief may be granted, or the defendant is entitled to assert a valid affirmative defense. 42 Pa.C.S.[] §6602(e)(2)[4] [(emphasis added)]. One such affirmative

---

[2] In addition, Harris offers quotes from Paul G. Caram (Zion University) ("It is crucial for criminals to acknowledge their guilt, not only to God, but also to man in order to find release."), L. Ron Hubbard ("Lies are told because one is afraid of the consequences should one tell the truth. Thus the liar is inevitably a coward, the coward is inevitably a liar."), Thomas Jefferson ("Dissent is the highest form of patriotism."), and "Ben Franklin" ("Rebellion to tyrants is obedience to God."). Harris's Complaint to trial court at 13d, November 9, 2020.

[3] Pa. R.Civ.P. 240.

[4] 42 Pa.C.S. §6602(e) states, in pertinent part:
**(Footnote continued on next page…)**

3

defense is that [Harris] has failed to exhaust his administrative remedies. *St. Clair v. [Bd.] of [Prob.] [&] Parole*, 493 A.2d 146 (Pa. Cmwlth. 1985). The primary purpose of the exhaustion doctrine is to ensure that claims will be heard, as a preliminary matter, by the body having expertise in the area. *Id*. at 152. In addition, the exhaustion doctrine provides the agency with the opportunity to correct its own mistakes and to moot judicial controversies. *Parisi v. Davidson*, 405 U.S. 34 (1972).

After reviewing the entire complaint in the present case, we find that the pleading fails to assert any arguable cause of action. Without expending substantial dictum in arriving at our conclusion in this matter, we simply state that [Harris] has failed to set forth any arguable basis for a cause of action. Having found that [Harris] has failed to set forth any arguable basis for a cause of action, we simultaneously dismiss his complaint and deny his request to proceed *in forma pauperis*.

Trial Ct. Memorandum and Order, 12/15/2020.

In its February 2021 Pa. R.A.P. 1925(a) opinion in support of its order, the trial court stated:

On November 17, 2020, [Harris], an inmate at [SCI-Somerset], submitted a request to proceed *in forma pauperis* ([] "IFP") in a civil action against [] Defendants. In addition to [Harris's] request to proceed IFP, [Harris] submitted for filing a pleading ([] "Pleading") consisting of approximately [] 205 pages. On December 14, 2020[,] this [c]ourt issued an IFP Denial Order and Memorandum that denied [Harris's] request for IFP status and dismissed [his] Pleading pursuant

---

**(e) Dismissal of litigation.**--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

(1) The allegation of indigency is untrue.

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

4

to [Pa.] R.Civ.P. 240(j)[5] based on this [c]ourt's determination that it is a frivolous action. The IFP Denial Order and Memorandum was filed with this [c]ourt on December 15, 2020. Thereafter, [Harris] filed his Notice of Appeal on December 30, 2020.

Based on a review of [Harris's] Pleading it appears that [he] is attempting to generally allege claims that Defendants nearly always deny inmate grievances and that Defendants have censored or lost [his] mail. However, [Harris's] Pleading consists of various pages and sections of typed materials from a myriad of sources, along with various sections of handwritten materials. The Pleading also includes voluminous exhibits and numerous "Declarations" that do not logically coincide with the rest of the Pleading. Additionally, the Pleading appears to contain a separate "complaint" within a "complaint." Most importantly, the Pleading does not set forth the material facts on which [Harris's] cause of action is based in a concise and summary form as required by [Pa. R.Civ.P.] 1019(a). Additionally, the Pleading is not divided into paragraphs numbered consecutively, and many paragraphs within the Pleading do not contain as far as practicable only one material allegation as required by [Pa. R.Civ.P.] 1022. Based on these shortcomings, this [c]ourt believes that it would be impossible for [] Defendants to meaningfully respond to the Pleading and prepare a defense.

In *Bennett v. Beard*, 919 A.2d 365, 366-367 (Pa. Cmwlth. 2007), the Commonwealth Court upheld the dismissal of plaintiff s complaint pursuant to a Rule 240(j) dismissal where the complaint was determined to be illegible. The complaint in the *Bennett* case consisted of handwritten, single[-]spaced information using paper from various sources with printing on both sides of the paper that [showed] through the page. *Id*. at 367. Sometimes the complaint was broken into numbered paragraphs, and sometimes not. *Id*. The *Bennett* Court determined that a complaint does not state a valid cause of action if it cannot be read, and that an illegible complaint denies the defendant

---

[5] Pa. R.Civ.P. 240(j)(1) states:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

notice of the material facts which it needs to prepare a defense. *Id*. Accordingly, we believe that the Pleading in this case was appropriately dismissed as a frivolous action pursuant to [Pa. R.Civ.P.] 240(j).

Trial Court Pa. R.A.P. 1925(a) Opinion. The instant appeal followed.[6]

On appeal to this Court, Harris argues that the trial court committed an error of law by reaching a determination that was against the weight of the evidence. In addition, Harris states that, as a *pro se* litigant, he is entitled to have his complaint liberally construed. Harris provides the following "Statement of the Case:"

1. As far back as 2017[,] inmate Harris suspected [] DOC was not delivering a sizeable amount of incoming [] mail. Harris began to track and document this activity and for other inmates [sic]. A consistent censorship was discovered and monitored for full verification and a grievance was filed to the end of [] DOC due process policy of which was denied with no obvious due diligence . . . .
2. Since 2017, Harris has requested [] DOC R.T.K.L. reports and records on various issues such as mail grievance rates and overall denial rates based on category and staff issues. The findings were 99-100% dismissals . . . .
3. Harris is now genuinely concerned due to the loss of vital religious, personal, government, and parole incoming mail . . . . My inquiries of over [] 12 sources produced [] 1 received reply.
4. The results of the case do not stand alone. By other inmate tracking, a significant percentage of inmate mail is un[]accounted for as well. It is now a positive fact that there is collusion at all levels acting contrary to the public good in a well-organized, concerted action of organized crimes to be publicized and witnessed and confessed to higher authority.
5. Human accountability must be rendered, the inmate grievance system of no meaningful due process must be exposed and

---

[6] The DOC (on behalf of the named individuals from the DOC as well as the Governor's Office), the Attorney General's Office, and Smart Communications each filed Notices of Non-Participation indicating that they would not be participating in the matter because it had been dismissed by the trial court as frivolous prior to service and/or simply that they were not parties because they had never been served when the matter was at the trial court level.

terminated by judicial administration review, and the mail censorship system must end.

Harris's Br. at 11-12.

Harris's "Statement of the Facts" reads as follows:

1. The [] DOC operates the inmate grievance system [(IGS)] under the eye of the Attorney General's legal protections and stand[s] mute to this complaint for its actions.
2. The [Attorney General] has conjured up a merit[]less and meaningless [IGS] that has steered away from its legislative intents of due process and actual inmate assistance.
3. These unchallenged facts are so well known inside each facility[] that a trial court needs to take judicial notice of such by presentation of evidence on the fact, by established competent evidence, testimony of witnesses and presentation of evidence to the court.
4. This significant loss by any means is indeed a constitutional (Federal and State) violation to be stopped by last resort, court intervention, because the [IGS] is a corrupted dismissal tool of tyranny.

Harris's Br. at 13.

Harris provides, in pertinent part, the following "Argument Stating Legal Position:"

1. Harris has compiled a massive and surely incomplete amount of cause of actions for [] Defendants to answer or confess to the complaint and court.
2. Harris has compiled a massive and surely incomplete amount of valid case law/statutes/constitutional violations/tables of authority and legal issues to shock the consciense [sic] of this Court to ponder and fully agree with a remand to trial court for proper review and a reversal as a frivolous dismissal.
3. Defendants have yet to dispute or challenge or admit guilt to the cause of actions, RTKL reports or account for all mail in controversy.
4. As an inmate and indigent, Harris lacks the ability to fully type or utilize law library and court rule books under this Covid-19 prison lockdown restriction . . . .

7

5. The Civil and Criminal crimes so factually stated for the trial court are so thoroughly/accurately shocking and ongoing[] that they need to be resolved and punished to their equal injury with accountability and remedy, not further denials.

6. Otto Von Bismarch [sic]: "Nothing is ever proven until it is officially dedied [sic]."

7. Loss of mail is still ongoing and well[ ]documented to add to the complaint (amend) as demanded in the original complaint, *et al*.

Harris's Br. at 14-15.

Pa. R.Civ.P. 240(j) requires the court to be "satisfied that the action, proceeding or appeal is frivolous" before dismissing it. The Pennsylvania Rules of Civil Procedure mandate that "[t]he material facts on which a cause of action or defense is based *shall be stated* in a concise and summary form." Pa. R.Civ.P. 1019(a) (emphasis added). The purpose of this rule is to require the plaintiff to disclose the material facts sufficient to enable the adverse party to prepare the case. *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 339 (Pa. 1971). "An action is frivolous under [Pa. R.Civ.P. 240(j)] if, on its face, it does not set forth a valid cause of action." *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997).

Harris provides a litany of bald allegations and general assertions and grievances. His claims do not adhere to the requirements of the Pennsylvania Rules of Civil Procedure, and it is not clear from the materials provided by Harris that he exhausted his administrative remedies. Not only does Harris fail to state a cause of action, he fails to assert sufficient, specific and material facts that would appear to support a viable cause of action or enable an adverse party to prepare a defense. As we noted in *MB&R Piping Contractors, Inc. v. Borough of East Brady* (Pa. Cmwlth., No. 78 C.D. 2016, filed January 12, 2017), slip op. at 9, 2017 WL 113960, at *4, our Supreme Court "has determined that courts should not, *sua sponte*, search the

8

complaint for a viable cause of action." As we are unable to discern any viable cause of action, we are constrained to affirm the trial court.

In sum, we conclude that the trial court's dismissal of the complaint as frivolous was well founded, giving it the basis to dismiss Harris's *in forma pauperis* petition. For these reasons, the order of the trial court, denying the request of Harris for leave to file this civil action *in forma pauperis*, is affirmed.

_____
J. ANDREW CROMPTON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terrence Andrew Harris, : 
               Appellant : 
                   : 
              v. :   No.  1323 C.D. 2020
                   : 
PA Attorney General, : 
Pennsylvania Department of : 
Corrections, Secretary John E. Wetzel, : 
Chief Dorina Varner, Cpt. Brownawell, : 
Jullian Deiley, Kellanie Anderson, : 
Lisa Eddy, Grievance Officer Eric W. : 
Tice, Jim Logan, Smart : 
Communications, Lt. Leidhecker, : 
PA Attorney General Josh Shapiro, : 
and Office of the Governor : 

# **O R D E R**

**AND NOW**, this 29th day of December 2021, the Order of the Court of Common Pleas of Somerset County is **AFFIRMED**.

 

_____
J. ANDREW CROMPTON, Judge