IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donnelly J. LeBlanc,  :
               Appellant  :
                             :
           v.  :   No. 1172 C.D. 2021
                             :   Submitted: May 6, 2022
John Wetzel, Pennsylvania  :
Department of Corrections, et al.  :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                             FILED: September 1, 2022

       Donnelly J. LeBlanc (Appellant) *pro se* appeals from the order of the Court of Common Pleas of Huntingdon County (trial court) entered on September 24, 2021, which granted his petition to proceed *in forma pauperis* (IFP) but dismissed his complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). Upon granting Appellant IFP status, however, the trial court lost its opportunity to dismiss Appellant's complaint as frivolous. *Grosso v. Love*, 667 A.2d 43 (Pa. Cmwlth. 1995). Accordingly, we are constrained to vacate the trial court's order and remand for further proceedings.

**Factual and Procedural Background[1]**

       Appellant is an inmate currently incarcerated at the State Correctional Institution at Huntingdon. According to Appellant, in June 2021, he ordered art supplies from Nasco Art Supply, a vendor approved by the Pennsylvania Department

---

[1] We derive the background to this case from Appellant's complaint. *See* Complaint, 9/8/21.

of Corrections (DOC). Appellant paid for his order with a check drawn from his inmate account in the amount of $96.90. Thereafter, he obtained verification from Nasco Art Supply that the order was delivered to DOC's Security Processing Center in Bellefonte, Centre County, Pennsylvania, on or about July 7, 2021. Despite initial representations to the contrary, Appellant was informed ultimately by the Property Officer at SCI-Huntingdon that his order was not transferred from the processing center to the correctional facility. According to Appellant, DOC has refused to take action either to deliver the art supplies to him or to compensate him for their cost. Appellant seeks the costs of litigation, compensatory damages in the amount of $96.90, and punitive damages in the amount of $4,000.00. Contemporaneously with his complaint, Appellant also filed an IFP petition.[2]

On September 24, 2021, the trial court granted Appellant's IFP petition but dismissed his complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). On October 18, 2021, Appellant timely appealed to this Court.[3]

**Discussion**

Appellant contends that the trial court erred in dismissing his complaint as frivolous. *See* Appellant's Br. at 4-7. Noting that courts reviewing *pro se* filings will construe them liberally and that amendments should be freely allowed when justice requires, Appellant suggests that the trial court should have directed Appellant to correct any deficiencies in his complaint. *See id.* at 5-6. Appellant further asserts that he pleaded a discernible cause of action and sufficient facts to establish a *prima facie* case. *Id.* at 6. Finally, Appellant asserts that the trial court

---

[2] Because the trial court dismissed this matter as frivolous prior to service, the Department of Corrections did not participate in the underlying action.

[3] This Court's review of an IFP application by the trial court is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Thomas v. Holtz,* 707 A.2d 569, 570 n.2 (Pa. Cmwlth. 1998).

failed to set forth sufficient reasons for its decision that Appellant's complaint was frivolous. *See id.* at 7. For these reasons, Appellant requests reversal of the trial court's decision. *Id.*

Appellant's arguments lack robust development. Nevertheless, we conclude that the trial court erred in dismissing Appellant's complaint.

A *pro se* litigant is not entitled to any special benefit. *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1038 (Pa. Cmwlth. 2018). Indeed, *pro se* litigants are subject to the same rules of procedure as litigants represented by counsel. *Commonwealth v. Blakeney*, 108 A.3d 739, 765 (Pa. 2014). Nevertheless, courts reviewing *pro se* filings are "generally inclined" to construe them liberally. *Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 425 (Pa. Cmwlth. 2012). Where allegations are set forth adequately, "a *pro se* complaint will not be dismissed just because it is not artfully drafted." *Williams v. Syed*, 782 A.2d 1090, 1095 n.6 (Pa. Cmwlth. 2001). To the contrary, it is well settled that, although left to the sound discretion of the trial court, "the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (citation omitted).

Pennsylvania Rule of Civil Procedure 240(j) permits the dismissal of a complaint as frivolous where a plaintiff simultaneously seeks IFP status.[4] A complaint is frivolous under Rule 240(j)(1) when on its face, it does not set forth a valid cause of action. *Bennett v. Beard*, 919 A.2d 365, 367 (Pa. Cmwlth. 2007); *see*

---

[4] Rule 240(j) provides: "If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court *prior to acting upon the petition* may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous." Pa.R.Civ.P. 240(j)(1) (emphasis added).

3

*also Neitzke v. Williams*, 490 U.S. 319, 325-326 (1989) (concluding that an action is frivolous if it "lacks an arguable basis either in law or in fact").

In *Grosso*, however, this Court clarified that the dismissal of a complaint as frivolous under the Rule could only occur *before* the trial court grants an IFP petition. *Grosso*, 667 A.2d at 44. Thus, the trial court may not dismiss a complaint as frivolous *after* it has granted the plaintiff IFP status. *Id.*; *see also Corliss v. Varner*, 934 A.2d 748, 749 (Pa. Cmwlth. 2007) (implicitly overruled on other grounds); *Harris v. Pa. Att'y Gen.* (Pa. Cmwlth., No. 1323 C.D. 2020, filed Dec. 29, 2021) (unreported), slip op. at 3 (favorably quoting from trial court opinion); *Smolsky v. Pa. Gen. Assembly* (Pa. Cmwlth., No. 513 M.D. 2010, filed May 5, 2011) (unreported), slip op. at 3 n.3.[5]

Here, Appellant *pro se* filed a complaint and an IFP petition simultaneously. The trial court granted Appellant's IFP petition but thereafter examined Appellant's complaint. According to the trial court, Appellant "clearly and succinctly set[] forth his allegations of fact," but failed to plead sufficiently "the legal aspects of his suit." Trial Ct. Order, 9/24/21, at 3. Thus, the trial court dismissed Appellant's complaint as frivolous. *See id.* The trial court erred in so doing. Upon granting Appellant's IFP petition, the trial court lost its opportunity to dismiss Appellant's complaint as frivolous pursuant to Rule 240(j). *See Grosso*, 667 A.2d at 44. Accordingly, we are constrained to vacate the trial court's order and remand for further proceedings.

_____
LORI A. DUMAS, Judge

---

[5] Unreported opinions may be cited as persuasive authority pursuant to this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donnelly J. LeBlanc,           :
              Appellant    :
                          :
        v.             :   No. 1172 C.D. 2021
                          :
John Wetzel, Pennsylvania    :
Department of Corrections, et al.  :

## **O R D E R**

AND NOW, this 1st day of September, 2022, the Order of the Court of Common Pleas of Huntingdon County, entered September 24, 2021, is VACATED, and this case is REMANDED for further proceedings.

Jurisdiction relinquished.

_____
LORI A. DUMAS, Judge