# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Lamont Burley, Jr., : 
               Petitioner : 
              : 
        v. : No. 167 M.D. 2021
              : Submitted: December 9, 2022
              : 
State Representative Aaron : 
Bernstine; Et Al; Pennsylvania House : 
of Representatives Et Al; Lawrence : 
County District Attorney Joshua : 
D. Lamancusa Et Al, : 
             Respondents : 

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                   **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
                   **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: October 2, 2023**

Keith Lamont Burley, Jr. (Petitioner), an individual incarcerated at the State Correctional Institution at Forest and proceeding pro se, filed a "Petition for Declaratory and Injunctive Relief; Preliminary and Permanent Injunctions" (Petition) in this Court's original jurisdiction on May 18, 2021, against State Representative Aaron Bernstine "Et Al" (Bernstine), the Pennsylvania House of Representatives "Et Al" (collectively, Legislative Respondents), and Lawrence County District Attorney Joshua D. Lamancusa "Et Al" (Lamancusa) (collectively, Respondents). Therein, Petitioner alleged that legislation initially introduced as House Bill 1855, 2019-2020 General Assembly, Regular Session (Pa. 2019), and

subsequently reintroduced as House Bill 146, 2021-2022 General Assembly, Regular Session (Pa. 2021), commonly known as "Markie's Law,"[1] and statements made by Bernstine and Lamancusa at a press conference in connection with its promotion, deprived him of multiple state and federal constitutional rights as he awaited criminal trial. Before us are Respondents' Preliminary Objections (POs). Following our careful review, we sustain the POs and dismiss the Petition.

## I.    THE PETITION

In his Petition,[2] Petitioner alleges that on July 9, 2019, he was arrested in Youngstown, Ohio, for the murder of eight-year-old Mark (Markie) Mason, and on July 11, 2019, he was extradited to Pennsylvania and charged with Markie's murder. (Petition ¶¶ 5-6.) Petitioner, who was on parole at the time, was detained by the Pennsylvania Board of Probation and Parole (PBPP),[3] following a detention hearing, pending the disposition of his criminal charges. (*Id*. ¶¶ 7-8.)

---

[1] A federal court described Markie's Law as "postpon[ing] parole considerations for inmates convicted of violent offenses while incarcerated." *Burley v. Bernstine* (3d Cir., No. 21-1956, filed Aug. 23, 2021), 2021 WL 3719224, at *1. After it was reintroduced, Markie's Law passed in the Pennsylvania State Senate by a 41-9 vote and the Pennsylvania House of Representatives voted 133-69 to concur with changes made by the Senate to the original Bill. However, then-Governor Tom Wolf vetoed Markie's Law on September 30, 2022. https://www.legis.state.pa.us/cfdocs/billInfo/bill_ history.cfm?syear=2021&sind=0&body=H&type=B&bn=146 (last visited Sept. 29, 2023).

[2] Petitioner filed an "Amended Complaint" in November 2021. In a Per Curiam Order entered on May 20, 2022, upon consideration of Petitioner's Motion for Reconsideration and/or Alternatively Motion to Strike the "Amended Complaint," this Court granted reconsideration, struck the Amended Complaint, reinstated Petitioner's Petition, struck certain parties from the caption, and ordered Petitioner to file answers to the pending POs.

[3] PBPP has been renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a). However, since Petitioner refers to it as PBPP in his Petition, we will likewise do so.

Petitioner asserts that in August 2019, Bernstine circulated a letter to his colleagues that set forth "harmful inducements, colloquium prejudices and defamatory prejudice in attacking [Petitioner's] honor and [his] reputation," and issued a memorandum "filled with injurious falsehood."[4] (*Id*. ¶ 9.) Petitioner further alleges that in September 2019 during press conferences, Bernstine and Lamancusa "dehumanized" him by referring to him as an "'animal', 'monster', and 'depraved',", and "collu[ded] to propose[,] sponsor[,] and promote 'Markie[']s Law.'" (*Id*. ¶10.) Petitioner also claims that despite the Commonwealth's failure to present a *prima facie* case for murder, following a preliminary hearing on August 29, 2019, he was bound over for trial in violation of his rights under the federal and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal Procedure. (*Id*. ¶ 11.)

According to Petitioner, Markie's Law is unconstitutional as applied to him as it deprives him of due process of law under the Fourteenth Amendment to the United States Constitution;[5] violates the *Ex Post Facto* Clause in Article I, Section 10 of the United States Constitution;[6] violates his equal protection rights under the United States Constitution;[7] and deprives him of his right to a fair trial under the Fifth and Sixth Amendments to the United States Constitution.[8] Petitioner also

---

[4] Petitioner's Petition is printed in all capital letters. We have omitted unnecessary capitalization from direct quotations.

[5] The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

[6] Article I, Section 10 of the United States Constitution states that "[n]o State shall . . . pass any . . . ex post facto Law . . . ." U.S. Const. art. I, § 10.

[7] The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[8] The Fifth Amendment to the United States Constitution provides, in relevant part, that no person "shall . . . be subject for the same offence to be twice put in jeopardy . . . ." U.S. Const. **(Footnote continued on next page…)**

alleges violations of his rights pursuant to article I, sections 1, 20, and 26 of the Pennsylvania Constitution[9] for placing him twice in jeopardy, depriving him of a fair and public trial, and discriminating against him. (*Id*. ¶¶ 14-19.) Petitioner seeks a declaratory judgment that Respondents' actions violated his "rights," and preliminary and permanent injunctions removing Markie's Law from the Pennsylvania State Senate and prohibiting its reintroduction. He also seeks punitive damages, a "name clearing hearing," and any other relief this Court may deem to be necessary. (*Id*. ¶¶ 21-25.)

## II.    PRELIMINARY OBJECTIONS

Legislative Respondents and Lamancusa filed POs to the Petition. In their POs, Legislative Respondents contend this Court lacks jurisdiction over the Petition because they enjoy broad immunity from Petitioner's claims pertaining to and questioning their legislative activities under the Speech and Debate Clause of the Pennsylvania Constitution.[10] (POs ¶¶ 32-38.) Legislative Respondents posit this

---

amend. V. The Sixth Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment, provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI.

[9] Article I, section 1 provides "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art I, § 1. Article I, section 20 provides "[t]he citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance." Pa. Const. art. I, § 20. Article I, section 26 provides "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, § 26.

[10] The Pennsylvania Constitution provides speech and debate immunity to members of the General Assembly for their legitimate legislative activities and in doing so states "[t]he members **(Footnote continued on next page…)**

4

Court cannot enjoin the introduction and consideration of Markie's Law, or any pending legislation, which is within the exclusive province of the Legislature and within the scope of the constitutional protections afforded by the Speech and Debate Clause. (*Id*. ¶¶ 39-41.) Legislative Respondents also argue Petitioner's claim that he has been negatively impacted by the introduction and consideration of Markie's Law fails to state a claim for which this Court may grant relief, as PBPP's decision to detain him, which is within its authority, predated Bernstine's circulation of the co-sponsorship memorandum, the introduction and consideration of Markie's Law, and the press conference Bernstine held with Lamancusa. (*Id*. ¶¶ 47-51.) Legislative Respondents point out that even if Markie's Law is enacted, its terms clearly provide it would not be applied retroactively. (*Id*. ¶ 52.) Moreover, federal courts have rejected essentially the same issues Petitioner presents in his Petition. (*Id*. ¶¶ 53-55.)

Next, Legislative Respondents posit this Court lacks original jurisdiction over Petitioner's "core" argument that he has been illegally detained by PBPP's detainer order. (*Id*. ¶ 63.) Legislative Respondents reason that this claim is the same as a writ of habeas corpus, over which this Court does not have original jurisdiction under

---

of the General Assembly . . . for any speech or debate in either House . . . shall not be questioned in any other place." Pa. Const. art. II, § 15; *see also Consumers Educ. & Protective Ass'n v. Nolan*, 368 A.2d 675, 680 (Pa. 1977) (holding Pennsylvania speech and debate immunity is "essentially identical" in language and scope with its federal counterpart (citing U.S. Const. art. I, § 6).) This Court has held that members of the General Assembly have immunity from suit for any action made within the "legitimate legislative sphere." *League of Women Voters of Pa. v. Commonwealth*, 177 A.3d 1000, 1003 (Pa. Cmwlth. 2017) (Brobson, J., single-Judge op.) (citation omitted). Pursuant to Rule 126(c)(2) of the Pennsylvania Rules of Appellate Procedure and Section 414(b) of this Court's Internal Operating Procedures, in non-election law matters, a single-Judge opinion of this Court, "even if reported, shall be cited only for its persuasive value and not as binding precedent." Pa.R.A.P. 126(c)(2); 210 Pa. Code. § 69.414(b).

42 Pa.C.S. § 761(a)(1)(i),[11] and, to the extent Petitioner seeks to be released from his allegedly illegal detention, this claim should be dismissed with prejudice for lack of jurisdiction or transferred to the proper jurisdiction for disposition. (POs ¶¶ 64-68.) Finally, Legislative Respondents argue Petitioner has failed to join PBPP, which is a necessary and indispensable party herein as it made the determination to detain him; therefore, should this matter survive the PO stage, Petitioner should be required to amend his Petition or face dismissal of his action with prejudice. (*Id*. at ¶¶ 72-79.)[12] Lamancusa separately filed POs wherein he incorporated Legislative Respondents' POs except for the first, related to improper service, and the last, related to failure to join an indispensable party.

Petitioner responds that neither Legislative Respondents nor Lamancusa is immune from the action under the Speech and Debate Clause, which does not protect all actions of legislators, especially where, as here, his reputation is being sullied and he has been deprived of his due process. (Petitioner's "Motion for leave to file Answer(s)/Reply Nunc Pro Tunc; and/(Or in the alternative make the attached answer(s) part of record") (Answer) at 2-3.)[13] Petitioner further asserts he has the right to pursue his action to show the harm and deprivation of his constitutional

---

[11] Section 761(a)(1)(i) states this

> Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity, except . . . actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court.

42 Pa.C.S. § 761(a)(1)(i).

[12] Legislative Respondents also asserted a PO on the basis Petitioner did not effectuate proper service of his Amended Petition. In light of this Court's May 20, 2022 Order, striking the Amended Petition, this PO is dismissed as moot.

[13] The Court accepted Petitioner's Answer by order dated July 12, 2022.

rights Bernstine and Lamancusa caused him for statements they made during the press conference. (*Id.* at 3.) Petitioner also argues PBPP is not an indispensable party herein, for it has no "right or interest" in this matter, and he is in "good standing" with [] PBPP. (*Id*. at 4.) Finally, Petitioner baldly posits his Petition is the "polar opposite" of a habeas corpus action, and, thus, this Court has original jurisdiction over it. (*Id*. at 5.)

## III. PARTIES' ARGUMENTS

In support of their POs, Respondents assert any challenge to their immunity under the Speech and Debate Clause is barred by collateral estoppel and res judicata as this issue was presented to and decided by the federal courts in *Burley v. Bernstine* (3d Cir., No. 21-1956, filed August 23, 2021), 2021 WL 3719224. (Legislative Respondents' Brief (Br.) at 9-15; Lamancusa's Br. at 6-10.) According to Legislative Respondents, even if *Burley v. Bernstine* is not dispositive, they are immune under the Speech and Debate Clause. (Legislative Respondents' Br. at 15.) Legislative Respondents also argue that because Petitioner's constitutional claims under the United States Constitution are barred by the doctrines of res judicata and collateral estoppel, and his claims under the Pennsylvania Constitution require the same analysis, his state constitutional claims are meritless. (*Id.* at 16-17; Lamancusa's Br. at 9-10.) Respondents posit that the sequence of events leading to PBPP's decision to detain Petitioner in July 2019 belies Petitioner's assertion he was detained and harmed by the introduction of Markie's Law, and his speculative claims about the harm that he may suffer do not entitle him to injunctive relief, as he would not be affected as per the law's own terms. (Legislative Respondents' Br. at 18-22; Lamancusa's Br. at 10-12.) Respondents also state that the relief Petitioner seeks

7

for his alleged illegal detention is not within this Court's original jurisdiction. (Legislative Respondents' Br. at 23-24; Lamancusa's Br. at 14-15.) Lamancusa adds that this Court lacks jurisdiction over Petitioner's allegations of his illegal detention and, nevertheless, the federal courts have denied him habeas corpus relief. (Lamancusa's Br. at 15 (citing *Burley v. Superintendent Oberlander* (W.D. Pa., No. 1:21-cv-300, filed Aug. 30, 2022, 2022 WL 3908533).)) Finally, Legislative Respondents argue Petitioner's failure to join PBPP and the Pennsylvania State Senate as indispensable parties is fatal to this claim. (Legislative Respondents' Br. at 24-26.)

Petitioner first argues Respondents have waived their claims asserting res judicata and collateral estoppel for failure to present them as new matter under Pennsylvania Rule of Civil Procedure 1030, Pa.R.Civ.P. 1030.[14] (Petitioner's Br. at 2-3.) Petitioner further alleges the parties named herein are not the same as those in the federal action, and the issues herein are "polar opposite." (*Id*. at 2-3.) Petitioner also posits this Court is not bound by federal decisions generally and by *Burley v. Bernstine* in particular because it did not constitute a final judgment on the merits; rather, it was "merely 'screened' pursuant to 28 U.S.C. [§] 1915[(a)]." (Petitioner's Br. at 2-3.)[15] Petitioner claims that Markie's Law violates equal protection principles

---

[14] Rule 1030(a) states "[e]xcept as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of . . . estoppel . . . [and] res judicata . . . shall be pleaded in a responsive pleading under the heading 'New Matter'." Pa.R.Civ.P. 1030(a).

[15] Pertaining to *in forma pauperis* proceedings, this statute provides:

> **(a)(1)** Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such

**(Footnote continued on next page…)**

by treating him differently than other individuals detained pretrial without a rational basis and constitutes an *ex post facto* law which negatively impacts him by "strongly impl[ying] that [] Petitioner had committed the underlying offenses he has been charged with." (*Id*. at 4-5, 10.) According to Petitioner, his current detention amounts to double jeopardy because it has increased the punishment he previously received for his crimes in 1999 and 2003, and he had not violated his parole. (*Id*. at 6, 9.) Petitioner posits this Court has jurisdiction over his claims because they involve a civil action against the Commonwealth or an officer thereof acting in the officer's official capacity, and as such, can grant the relief he requests. (*Id*. at 7.) Petitioner also believes PBPP and the Pennsylvania State Senate are not indispensable parties as they have no rights or interests in this case. (*Id*. at 8.) Lastly, Petitioner states that Bernstine is not immune under the Speech and Debate Clause because the statements he made at the press conference were outside of the legislative forum. (*Id*. at 10.)

## IV. DISCUSSION

### A. *Waiver*

Preliminarily, Petitioner contends we cannot sustain a PO pertaining to the defenses of collateral estoppel and res judicata as they are not proper grounds to raise in POs, but instead, must be raised in new matter. (Petitioner's Br. at 2-3 (citing Pa.R.Civ.P. 1030, 1032(a)).) It is true that Pennsylvania Rule of Civil Procedure 1028(a) enumerates the defenses which may be raised in POs, and the affirmative defenses of collateral estoppel and res judicata are not among them. *See* Pa.R.Civ.P.

---

affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

1028(a). To the contrary, Pennsylvania Rule of Civil Procedure 1030(a) provides that all other affirmative defenses must be raised in new matter. *See* Pa.R.Civ.P. 1030(a).[16] Nevertheless, it is well established that,

> [w]here a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections.

*Preiser v. Rosenzweig*, 614 A.2d 303, 305 (Pa. Super. 1992).[17]

Respondents only generally asserted that Petitioner had raised similar claims in *Burley v. Bernstine* regarding his belief that he had been negatively impacted by Markie's Law, and specifically asserted collateral estoppel and res judicata for the first time in their respective briefs. (Legislative Respondents' Br. at 10-13; Lamancusa's Br. at 6-9.) Thus, Petitioner could not have objected to Respondents' assertions of res judicata and collateral estoppel via preliminary objections or in his Answer, and it may appear that Respondents' arguments in this regard are waived. *See* Pa.R.Civ.P. 1032(a) (a party generally waives all defenses and objections which are not presented either by preliminary objection, answer or reply). Notwithstanding, this Court may, *sua sponte*, "in appropriate cases" consider the question of whether a federal judgment has a preclusive effect in the interest of

---

[16] Citing Pa.R.Civ.P. 1032(a), Petitioner states that "a party waives all defenses and objections which are not presented either by preliminary objection, answer, or reply." (Petitioner's Br. at 3.)

[17] "Although this Court is not bound by decisions of the Superior Court, they are persuasive precedent where they address analogous issues and do not conflict with any decisions or reasoning of this Court or our Supreme Court." *Kalmeyer v. Mun. of Penn Hills*, 197 A.3d 1275, 1280 (Pa. Cmwlth. 2018).

10

conserving judicial resources. *In re Stevenson*, 40 A.3d 1212, 1223 (Pa. 2012).[18]
Thus, we will consider whether any of the claims raised herein are barred by the principles of res judicata and collateral estoppel.

## B.  *Applicability of Res Judicata and Collateral Estoppel*

This Court has explained the distinct principles of res judicata and collateral estoppel as follows:

> At the outset, we note that technical res judicata (claim preclusion) and collateral estoppel (issue preclusion) are "related, yet distinct" components of the doctrine known as res judicata. *J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002) (citation omitted). Res judicata, or claim preclusion, applies only when there exists a "coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *Id.* When res judicata applies, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, . . . 669 A.2d 309, 313 ([Pa.] 1995). Beyond precluding just those claims that were "actually litigated" in the first adjudication, res judicata also precludes those "claims which **could have been litigated** during the first proceeding if they were part of the same cause of action." *Id.* (emphasis added). Relevant to this case, res judicata can apply in such a way as to bar suits brought in state court that involve claims that were litigated or should have been litigated in a previous federal suit. *See London v. City of Phila.*, . . . 194 A.2d 901, 902-03 ([Pa.] 1963) (holding that claim that could have been asserted in previous federal court action could not be

---

[18] Petitioner cites to this Court's decision in *Grosso v. Love*, 667 A.2d 43 (Pa. Cmwlth. 1995), for the proposition that "these defenses are not to be raised [s]ua [s]ponte by the Court." (Petitioner's Br. at 3.)  There, this Court held that a trial court may not dismiss a complaint as frivolous pursuant to Pa.R.Civ.P. 240(j) after it has granted an *in forma pauperis* petition. *Grosso*, 667 A.2d at 44.  In addition, the Court found it was an abuse of discretion for the trial court to dismiss the action after *sua sponte* finding the claims were barred by the statute of limitations and/or res judicata, without the opportunity for the defendant in that action to assert those as affirmative defenses in new matter. *Id.* at 45.  *Grosso* predates *Stevenson*, in which the Supreme Court held a court **could** raise res judicata *sua sponte* in certain situations.

11

litigated in subsequent state court action). Moreover, where "the same evidence is required to support a final determination in a former action and in a subsequent action, res judicata bars the second action." *Commonwealth ex rel. Bloomsburg State Coll. v. Porter*, . . . 610 A.2d 516, 520 ([Pa. Cmwlth.] 1992).

Collateral estoppel or issue preclusion renders issues of fact or law, *McNeil v. Owens-Corning Fiberglas Corp*[.], . . . 680 A.2d 1145, 1147-48 ([Pa.] 1996), incapable of relitigation in a subsequent suit if, in a prior suit, these (1) same issues were (2) "necessary to [a] final judgment on the merits . . . [and (3)] the party against whom [issue preclusion] is asserted [was] . . . a party, or [was] . . . in privity with a party[ ] to the prior action and . . . [(4)] had a full and fair opportunity to litigate the issue in question," *Balent*, 669 A.2d at 313. Collateral estoppel is designed to "protect[ ] litigants from assuming the burden of re-litigating the same issue with the same party . . . and [to] promot[e] judicial economy through preventing needless litigation." *McNeil*, 680 A.2d at 1148.

In evaluating the effect of the decision in [the plaintiff's] prior federal suit, we must consider that "[a] judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal." *Shaffer v. Smith*, . . . 673 A.2d 872, 874 ([Pa.] 1996) (emphasis omitted) (citation omitted). In addition, the Pennsylvania Supreme Court has found that, with regard to collateral estoppel, a "final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Id.* at 875 (citing Restatement (Second) of Judgments § 13 (Am. Law Inst. 1980)) (quotation omitted).

*Robinson v. Fye*, 192 A.3d 1225, 1231-32 (Pa. Cmwlth. 2018).

The basis of Respondents' res judicata and collateral estoppel claims is that, as was determined in *Burley v. Bernstine*, they are protected by Speech and Debate immunity. Initially, we note that while Petitioner is correct that unpublished federal court decisions are not binding upon this Court,[19] a merits consideration of the

---

[19] *In re Stevenson*, 40 A.3d at 1221 (stating this Court "was not incorrect in observing that the pronouncements of the lower federal courts have only persuasive, not binding, effect on the courts of this Commonwealth . . . ").

applicability of collateral estoppel and/or res judicata in light of a previous decision is a separate consideration, for any final valid judgment on the merits by a court of competent jurisdiction precludes suit against the same individuals on the same causes of action. *In re Stevenson*, 40 A.3d at 1221-22. Also, contrary to Petitioner's argument, "[i]t is well settled that a '[d]ismissal for failure to state a claim is a final judgment on the merits for res judicata purposes.'" *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citations omitted) (stating the fact that plaintiff relied upon the district court's dismissal of a prior complaint pursuant to 28 U.S.C. § 1915(a) instead of Fed.R.Civ.P. 12(b)(6) was a "distinction without a difference [for] the legal standard for dismissing a complaint for failure to state a claim pursuant to [Section] 1915(a) is identical to the legal standard employed in ruling on 12(b)(6) motions").

We initially consider the first two elements of res judicata, namely, whether the basis of Petitioner's suit herein and in the federal court action are identical and whether the present action is identical to the federal one. As explained in the United States Court of Appeals for the Third Circuit's (Third Circuit) opinion, Petitioner filed a civil rights complaint in the United States District Court for the Middle District of Pennsylvania (Middle District Court) in January 2021 against Bernstine in his individual and official capacities claiming Bernstine had violated Petitioner's constitutional rights under the federal and Pennsylvania Constitutions as well as committed numerous state law torts "by sponsoring and promoting [Markie's Law] and by making prejudicial statements about [Petitioner] in press conferences." *Burley v. Bernstine*, 2021 WL 3719224, at *1. In his federal complaint, Petitioner

> [a]lleged[,] *inter alia*, that the introduction and promotion of Markie's Law interfered with his impending criminal trial and that Bernstine's statements labeling [Petitioner] "the perpetrator" and "a monster,"

13

among other things, in promoting the bill were defamatory and resulted in reputational harm. [Petitioner] likened proceedings within the House of Representatives to a trial in absentia that violated his right to a presumption of innocence and alleged that he was denied equal protection of the law in violation of 42 U.S.C. § 1985 because he is Muslim, black, and a parolee. He sought a declaratory judgment that Bernstine violated his rights; an injunction requiring Bernstine to issue a public apology and expunging and prohibiting the introduction, promotion, and enactment of Markie's Law; and [$14] million [] in punitive damages. [Petitioner] also sought appointment of counsel and moved to join [] Lamancusa . . . , alleging that he colluded with Bernstine to defame [Petitioner] in promoting Markie's Law and engaged in other violations of [Petitioner's] constitutional rights.

*Id*. Herein, Petitioner similarly seeks injunctive and declaratory relief along with punitive damages for constitutional violations based on Legislative Respondents' and Lamancusa's alleged actions in connection with Markie's Law. Thus, we find the first element of res judicata is satisfied. With regard to the second, we note that while the present Petition includes allegations of state constitutional violations, Petitioner pursues the **same federal claims** herein as he did before the Middle District Court. Upon its consideration, the Middle District Court adopted the recommendation of the United States Magistrate Judge, who had previously reviewed the matter, in its entirety to dismiss with prejudice Petitioner's federal claims, decline to exercise jurisdiction over the state law claims, and deny Petitioner's motions for appointment of counsel and joinder. *Id*. Petitioner appealed, and the Third Circuit affirmed "[f]or substantially the same reasons as the [Middle] District Court and because [the] appeal [did] not present a substantial question." *Id*., at *3.

14

The third element of res judicata, identity of the parties, is satisfied with regard to Legislative Respondents herein who were named in *Burley v. Bernstine*.[20] The fourth element also has been met because Legislative Respondents were sued in their official capacities in both actions. Thus, as set forth more fully below, we agree with Respondents that the Third Circuit's decision in *Burley v. Bernstine* is dispositive of numerous claims Petitioner raises herein for, "the purpose of granting preclusive effect to an earlier determination, *i.e.*, in order to prevent inconsistent decisions, is very much in evidence here." *In re Stevenson*, 40 A.3d at 1223.

### 1. Speech and Debate Immunity

First, the Third Circuit found Bernstine's actions and statements surrounding the introduction of Markie's Law fall within the ambit of the Speech and Debate Clause and that Petitioner's federal constitutional challenges to Markie's Law lacked merit. The Third Circuit agreed with the Middle District Court that Bernstine was immune from "[Petitioner's] claims regarding the sponsorship and promotion of Markie's Law because activities related to 'introducing, debating, [or] passing' legislation 'are properly characterized as legislative' acts for which legislators enjoy absolute immunity." *Burley v. Bernstine*, 2021 WL 3719224, at *2 (citation omitted). In addition, the Third Circuit found that "this is 'an appropriate case for application of [Speech and Debate] immunity to a claim for prospective relief,' as [Petitioner's] requests for expungement of Markie's Law and an injunction against its introduction, promotion, and enactment 'would seriously interfere with the role assigned exclusively to the Legislature.'" *Id.* (citation and footnote omitted). Citing

---

[20] The Third Circuit also found no merit therein to Petitioner's "conclusory allegations" of collusion between Bernstine and Lamancusa set forth in his motion to join Lamancusa in the action.

relevant case law, the Third Circuit further pointed out that one's intent and motive, even willful misconduct, are "immaterial" when considering the application of legislative immunity, which also applies to a defendant named in his or her individual capacity. *Id.*, at *2 n.2.

The Third Circuit also considered Petitioner's arguments regarding Bernstine's statements at press conferences, for which he is not entitled to Speech and Debate immunity.[21] In finding Petitioner had failed to state a viable claim, the Third Circuit noted that Petitioner's "bare assertion that he was denied equal protection because he is Muslim, black, and a parolee failed to state a claim under Section 1985(3)[,][42 U.S.C. § 1985(3),]" and that "[t]he conclusory allegations in [Petitioner's] motion for joinder that Bernstine and Lamancusa colluded to make defamatory statements in the media and in promoting Markie's Law fared no better." *Id.*, at *2 (citation omitted). In addition, the Third Circuit held Petitioner failed to satisfy the necessary elements "for due process claims alleging injury to reputation[,]" and that "although [Petitioner] arguably alleged the 'stigma' element, he failed to plausibly allege that Bernstine's remarks were made 'in the course of or [were] accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution.'" *Id.* (citations omitted). Thus, these claims likewise fail against Bernstine here.

While Petitioner argues that res judicata does not bar his claims against Lamancusa, who was not a named defendant in *Burley v. Bernstine*, as indicated

---

[21] Relying on federal court decisions, this Court also has stated that statements made by a Commonwealth representative on television constituted political activities that were not protected as legislative activities by the Speech or Debate Clause of the United States Constitution, nor were they protected under the Pennsylvania Constitution's Speech and Debate Clause, which closely tracks the federal provision. *William Penn Sch. Dist. v. Pa. Dep't of Educ.*, 243 A.3d 252, 266 (Pa. Cmwlth. 2020) (Cohn Jubelirer, P.J., single-Judge op.).

above, the Third Circuit's denial of Petitioner's motion for joinder of Lamancusa and of his petition to amend to name Lamancusa indicates the Third Circuit saw no valid basis upon which recovery against Lamancusa would be proper. *Id.*, at *3.[22]

## 2. Other Claims

The Third Circuit further rejected Petitioner's argument "that Bernstine's remarks tainted his criminal proceedings and caused him to be recommitted to a state correctional institution as a convicted parole violator." *Id.* As the Third Circuit observed, Petitioner had been "arrested and charged with the offenses at issue several months before Bernstine allegedly began making the defamatory statements, and because [Petitioner] was still awaiting his criminal trial, the contention that Bernstine's statements tainted its fairness was speculative." *Id.* (citation and footnote omitted). Similarly, the Third Circuit rejected as "implausible" Petitioner's position that the legislative proceedings surrounding the introduction of Markie's Law were effectively part of a "criminal trial in absentia, and that votes in favor of the legislation amounted to guilty verdicts against him." *Id.*, at *2 n.4. The Third Circuit also deemed meritless Petitioner's claims purported to arise under the United States Constitution. *Id.* In addition, in light of its analysis, the Third Circuit determined the Middle District Court had not erred or abused its discretion in dismissing the complaint without granting Petitioner leave to amend it because any amendments would have been "futile." *Id.*, at *3. Finally, the Third Circuit rejected Petitioner's contention that the proceedings relating to Markie's Law constituted a trial in absentia and his "speculative" argument that Bernstine's remarks, which

---

[22] To the extent Petitioner continues to argue before this Court that Markie's Law violates his federal and state constitutional rights, those claims also are moot, in that Markie's Law was vetoed.

17

followed Petitioner's arrest and detention, tainted his ability to have a fair trial. The arguments Petitioner presents herein with regard to those claims, which were thoroughly explored and rejected by the Middle District Court and affirmed by the Third Circuit on appellate review, mirror those he unsuccessfully pursued in the federal courts. By filing the instant Petition raising the same federal challenges, Petitioner is attempting to "'walk across the street' to gain a differen[t] result" in this Court, which he cannot do. *Commonwealth v. Negri*, 213 A.2d 670, 672 (Pa. 1965).

### C.  Constitutional Claims Under the Pennsylvania Constitution

Although the Third Circuit declined to exercise supplemental jurisdiction over Petitioner's state law claims, we find no merit to Petitioner's constitutional claims under article I, sections 1, 20, and 26 of the Pennsylvania Constitution, which are essentially the only differences between the two actions. Petitioner's state constitutional claims similarly challenge statements Bernstine and Lamancusa made at a press conference and assert Petitioner has been denied the presumption of innocence and subjected him to double jeopardy due to the introduction of Markie's Law. Our analysis of these state constitutional challenges is substantially the same as that in which the federal courts engaged. The Pennsylvania Supreme Court has held that "the requirements of [a]rticle I, [s]ection 1 of the Pennsylvania Constitution are not distinguishable from those of the [Due Process Clause of the] Fourteenth Amendment . . . [; thus,] we may apply the same analysis to both claims." *Pa. Game Comm'n v. Marich*, 666 A.2d 253, 255 n.6 (Pa. 1995). Also, we analyze article I, section 26 of the Pennsylvania Constitution "under the same standards used . . . when reviewing equal protection claims under the [Fourteenth] Amendment to the United States Constitution." *Love v. Borough of Stroudsburg*, 597 A.2d 1137, 1139 (Pa.

18

1991).  In addition, because the Pennsylvania Constitution does not provide "broader protections than the federal constitution in the area of equal protection analysis, it is unnecessary to provide a separate analysis under each constitution." *Paz v. Pa. Hous. Fin. Agency*, 722 A.2d 762, 765 (Pa. Cmwlth. 1999).

With regard to Petitioner's challenge under article I, section 20 of the Pennsylvania Constitution, which protects one's right to assemble freely to seek redress, we observe that Petitioner has failed to articulate in his Petition how Respondents may have violated his rights thereunder.  To the contrary, Petitioner filed a complaint in the Middle District Court and the instant Petition in this Court. Thus, to the extent Petitioner is arguing he has been prohibited from seeking redress, we conclude that he has failed to state a cause of action under article I, section 20.

### D.    Failure to State a Claim for Injunctive and Declaratory Relief

Respondents also assert a demurrer in their POs.  "[T]he question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. Gen. Assembly*, 974 A.2d 491, 494 (Pa. 2009).  In ruling on Respondents' POs in the nature of a demurrer, this Court must consider as true all well-pleaded material facts Petitioner set forth in his Petition and all reasonable inferences that may be drawn from those facts, and we must confine our analysis to the Petition.  *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). However, we do not need to accept "as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*.  To sustain Respondents' POs, it must appear certain to this Court that Petitioner is not permitted to recover under the law, and we will resolve any doubt by refusing to sustain the POs.  *Id*.  "Thus, th[is] [C]ourt may determine only whether, on the basis of [Petitioner's] allegations, he [] possesses a cause of action recognized at law."

*Fraternal Ord. of Police Lodge No. 5 by McNesby v. City of Phila.*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021).

Petitioner asks this Court to both remove Markie's Law from Senate consideration and to prohibit its reintroduction in the General Assembly. (Petition ¶ 22.) As previously explained, the former part of this request is moot, as then-Governor Wolf vetoed Markie's Law in 2022. However, with regard to the latter, it is axiomatic that

> "[t]o maintain the independence of the three branches of government, our system embodies a separation of powers," which, under both the United States and Pennsylvania Constitutions, depends on two distinct concepts: "(1) no branch may usurp a function belonging to another and each must operate within its own separate sphere of power; and (2) a system of checks and balances exists, which prevents one branch from acting unchecked." *Jefferson Cnty. Ct. Appointed Emps. Ass'n v. Pa. Lab. Rels. Bd.*, 985 A.2d 697, 706 (Pa. 2009) . . . (citing *Loving v. United States*, 517 U.S. 748, 757 (1996)). Allocating the power between the three branches avoids the danger inherent in concentrating the power in one branch, which could be viewed as tyranny. *Id.* at 706-07.

*Cook v. Pa. Lab. Rels. Bd.* (Pa. Cmwlth., No. 161 M.D. 2021, filed Nov. 2, 2022), slip op. at 17.

Article II, section 1 of the Pennsylvania Constitution provides that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, § 1. The "legislative power" has been interpreted to be the power to make, alter, and repeal laws. *In re Marshall*, 69 A.2d 619 (Pa. 1949). This Court has stated that "it is the legislature that is charged with enacting laws and social policy, not the courts." *Crawford v. Commonwealth*, 277 A.3d 649, 678 n.19 (Pa. Cmwlth. 2022) (plurality).

20

Clearly, we have no authority to dictate the manner in which the General Assembly conducts its business.

To the extent Petitioner asserts Markie's Law constitutes an *ex post facto* law, this claim is moot and necessarily fails. First, as previously stated, the Law was vetoed. Second, as Legislative Respondents point out, by its own terms Markie's Law would not have applied retroactively and stated it "shall only apply to individuals who are incarcerated for crimes committed on or after the effective date" of the Law. (Legislative Respondents' Br. at 20 (citing Section 3 of Markie's Law).)

### E.    Lack of Original Jurisdiction

Respondents also contend that at the heart of the Petition is Petitioner's belief PBPP is holding him under an illegal detainer order and without a proper recommitment order, and, as a result, he has been improperly classified, treated disparately from other pretrial detainees, and suffered an increased punishment. (Legislative Respondents' Br. at 23-24, Lamancusa's Br. at 14-15 (citing Petition ¶ 17).) To the extent Petitioner intends to bring a claim that he is being illegally detained pretrial, such a claim sounds in habeas corpus and is not within this Court's original jurisdiction.[23] While Section 761 of the Judicial Code states that the

---

[23] As our Superior Court has explained:

A pre[]trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case. . . . To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein. [] To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

*Commonwealth v. Dantzler*, 135 A.3d 1109, 1112 (Pa. Super. 2016) (en banc) (internal citations and quotations omitted).

21

Commonwealth Court has original jurisdiction over all civil actions against a Commonwealth party, Section 761(a)(1)(i) provides that this Court does not have original jurisdiction over "actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court." 42 Pa.C.S. § 761(a)(1)(i). In light of the preclusive effect of Section 761(a)(1)(i), this Court does not have the necessary subject matter jurisdiction to hear habeas corpus claims; rather those claims are properly brought in the court of common pleas. Therefore, Petitioner has failed to state a claim for which this Court may grant relief.

## V. CONCLUSION

The Third Circuit's final, valid judgment on the merits entered in *Burley v. Bernstine* precludes Petitioner's federal constitutional claims, and his state constitutional claims, which employ a similar analysis, lack merit. This Court lacks the authority to provide Petitioner injunctive or declaratory relief with regard to any future reintroduction, promotion, and enactment of Markie's Law, and we lack jurisdiction over Petitioner's assertion that he has been illegally detained pretrial. Finally, Petitioner's arguments regarding the *ex post facto* application of Markie's Law are moot, as are Legislative Respondents' arguments that Petitioner failed to effectuate proper service and join indispensable parties.

Accordingly, we sustain Respondents' POs on the basis of lack of jurisdiction based on Speech and Debate immunity; failure to state a claim upon which relief can be granted; and lack of original jurisdiction.

22

We dismiss as moot Legislative Respondents' PO for failure to effectuate proper service.[24]



**RENÉE COHN JUBELIRER,** President Judge

Judge Wallace did not participate in the decision in this case.

---

[24] In light of our holding, we do not reach Legislative Respondents' arguments pertaining to Petitioner's alleged failure to join indispensable parties to this action.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Lamont Burley, Jr., :
        Petitioner :
         :
        v. : No. 167 M.D. 2021
         :
State Representative Aaron :
Bernstine; Et Al; Pennsylvania House :
of Representatives Et Al; Lawrence :
County District Attorney Joshua :
D. Lamancusa Et Al, :
        Respondents :

## **O R D E R**

**NOW**, October 2, 2023, Respondents' second preliminary objection (PO) based on immunity under the Speech and Debate Clause of article II, section 15 of the Pennsylvania Constitution, Pa. Const. art. II, § 15; third PO in the nature of a demurrer; and fourth PO for lack of original jurisdiction are **SUSTAINED**. The remaining POs are **DISMISSED AS MOOT**. Petitioner's "Petition for Declaratory and Injunctive Relief; Preliminary and Permanent Injunctions" is **DISMISSED WITH PREJUDICE**.

 

_____

**RENÉE COHN JUBELIRER,** President Judge